855 P.2d 881

**Michael P. KLEINE and Carol Kleine, husband and wife, Plaintiffs–Appellants,**

v.

**FRED MEYER, INC., Defendant–Respondent.**

**No. 19570.**

Court of Appeals of Idaho.

Dec. 28, 1992.

Rehearing Denied June 11,1993.

Petition for Review Denied July 30, 1993.

William J. Tway, Boise, for plaintiffs-appellants.

Quane, Smith, Howard & Hull, Boise, for defendant-respondent. Eric S. Bailey, argued.

SILAK, Judge.

By a complaint filed July 21, 1988, Michael P. and Carol Kleine sought to recover damages against Fred Meyer, Inc., for personal injuries which Michael Kleine allegedly sustained while shopping in a Fred Meyer store on August 5, 1986. By order dated August 23, 1991, the district court dismissed the Kleines' action based on the Kleines' failure to comply with the court's discovery orders. The Kleines appeal from the order of dismissal. We affirm.

## FACTS AND PROCEDURAL HISTORY

On August 5, 1986, the Kleines were shopping in a Fred Meyer store when Michael Kleine (Kleine) slipped and fell. On July 21, 1988, the Kleines filed a personal injury action against Fred Meyer, alleging that Kleine sustained permanent injuries as a result of his fall in the store, and that his fall was caused by the store's negligence in leaving the floor in a slippery condition without posting signs to warn of the floor's dangerous condition.

The district court first scheduled the matter for a jury trial to commence on April 23, 1990. In preparation for trial, Fred Meyer requested discovery of all of Kleine's medical records subsequent to the accident, as well as certain medical records predating the accident. In further preparation for trial, Fred Meyer requested that Kleine undergo an independent medical examination (IME), which he did. However, as a result of the Kleines' failure to produce the medical records requested by Fred Meyer, and their failure to comply with the district court's pretrial order for disclosure of witnesses and exhibits for trial, the parties stipulated to vacate the April 23 trial date. The district court later rescheduled the trial for October 22.

When, by July 26, 1990, the Kleines still had failed to produce the requested medical records, Fred Meyer moved for an order compelling production of the documents. On August 29, the district court granted Fred Meyer's motion ordering the Kleines to produce the requested medical records by September 8. On September 12, Fred Meyer moved the court to vacate the October 22 trial date and to impose sanctions under I.R.C.P. 37, based on the Kleines' continued failure to comply with the court's order to produce Kleine's medical records, and asserting that the Kleines' failure to produce the documents prohibited Fred Meyer from adequately preparing for trial. However, Fred Meyer subsequently withdrew the motion and again agreed to vacate the trial setting in order to provide the Kleines with additional time to obtain the requested medical records.

The district court subsequently rescheduled the trial to commence on June 25, 1991. A pretrial conference was set for May 20, 1991. The Kleines' counsel failed to appear at the May 20 pretrial conference, and on May 22 Fred Meyer again moved to dismiss the Kleines' claim pursuant to I.R.C.P. 16, 37 and 41(b). The district court denied Fred Meyer's motion to dismiss, but stated that if the Kleines failed to produce the requested medical records within ten days, the motion to dismiss would be granted.

The matter was again rescheduled for trial to commence on August 20, 1991. Because of the length of time, about a year and one-half, since Kleine had had the original IME, it was necessary for him to undergo another IME in order to assess his physical condition at the time of trial. Fred Meyer arranged for an IME to take place on July 22, 1991, at the offices of Dr. Richard Wilson. Kleine arrived for the IME with a video camera and tripod so that he could videotape the examination. Doctor Wilson refused to allow Kleine to videotape the examination, and Kleine refused to undergo the examination without videotaping it, so Kleine left and the IME was not performed.

On July 23, 1991, Fred Meyer renewed its motion to dismiss and for sanctions based on Kleine's refusal to participate in the IME scheduled for July 22. A hearing on the motion was conducted on July 29, 1991. After the hearing, the district court

**46**

denied the motion to dismiss, but issued the following order:

> IT IS HEREBY ORDERED that Plaintiff is required to participate in an independent medical examination to be conducted by Dr. Richard Wilson on August 12, 1991, if an examination time is available on that date, and provided that Dr. Wilson can prepare a report prior to trial;
>
> IT IS FURTHER ORDERED that Plaintiff Michael Kleine is to pay Dr. Wilson's charges [for the prior failed IME] in the amount of $530.00 and the attorney fees incurred by counsel for Defendant in the amount of $976.00 by August 12, 1991, as condition precedent to permitting this action to go forth. In the event Plaintiff fails to pay Dr. Wilson's fees and Defendant's attorney fees by August 12, 1991, and/or fails to attend a medical examination if such can be arranged, this action will be dismissed with prejudice.

The district court also stated at the July 29 hearing that if Kleine wanted to videotape the IME, he would have to make arrangements with Dr. Wilson.

Fred Meyer was able to arrange another IME with Dr. Wilson for August 12, which schedule would allow Dr. Wilson enough time do the exam and prepare his report before the August 20 trial date. However, when Kleine arrived at Dr. Wilson's office, he had with him a video camera and someone to operate the camera without having made prior arrangements with the doctor. When Dr. Wilson refused to allow the IME to be videotaped without some verification that the camera operator was an experienced videographer, Kleine and the videographer left Dr. Wilson's office to get one of the videographer's cards. Kleine and the videographer did not return with the card until only thirty minutes of the ninety minute time period scheduled for the IME remained. At that point, Dr. Wilson informed Kleine that the exam could no longer be performed, and Kleine left.

On August 15, Fred Meyer again moved for dismissal with prejudice, asserting that "the Plaintiffs violated the Court's oral Order of July 29, 1991." In support of its motion, Fred Meyer asserted that Kleine had failed to pay Dr. Wilson's fee for the previous aborted exam by August 12 as ordered by the court, because the check which Kleine issued to Dr. Wilson was insufficiently funded. Fred Meyer also asserted that the August 12 IME did not occur as scheduled because Kleine refused to participate as ordered by the court. At the hearing on the motion to dismiss, Fred Meyer also argued that Kleine had been instructed by his attorney that, should he be prohibited from videotaping the exam, he should nevertheless submit to the exam because otherwise he could face sanctions, including possible dismissal of the case.

In opposition to the motion to dismiss, Kleine asserted that he had complied with the district court's order because he had "made arrangements" to pay Dr. Wilson's fee by August 12th and because even though he brought a professional videographer with him to the IME, Dr. Wilson refused to allow the exam to be videotaped.

After the hearing, the district court made no express finding as to whether Kleine had paid Dr. Wilson's fee by August 12 as he was ordered. However, the district court granted Fred Meyer's motion for dismissal, stating:

> Well, I think the bottom line is that the defendants are entitled to a current independent medical examination in order for them to have a fair trial in the case . . .
>
> . . . .
>
> . . . and I think the failure of the examination is due to the plaintiff's shenanigans, and I think I cautioned him about that on the 29th. I don't see how he could have misunderstood how I felt about it. I even directly ordered him to pay for what happened the previous time. Surely, he should have understood that was his fault.
>
> . . . .
>
> [T]he bottom line is if we go to trial the 20th, there's no way [the defendants] can have their independent medical examination and there's no way they can have a fair trial, and under all the circumstances I don't think it's their fault. And, there-

fore, I think the plaintiff's to blame and that the motion has to be granted.

The Kleines have appealed from the order dismissing their case. For the reasons stated below, we affirm.

## ISSUE AND STANDARD OF REVIEW ON APPEAL

The Kleines' appeal requires us to determine whether the district court abused its discretion in granting Fred Meyer's motion to dismiss. Neither the motion for dismissal nor the order granting the motion specify the procedural rule upon which this sanction of dismissal was granted. However, the grounds specified by Fred Meyer in its motion were for Kleine's failure to comply with the district court's prior order requiring Kleine to pay the costs associated with the prior missed IME and to participate in the IME arranged for August 12. The imposition of sanctions for failure to comply with discovery orders is governed by I.R.C.P. 37(b). A district court's decision to dismiss a case for failure to comply with pretrial discovery orders under I.R.C.P. 37(b)(2)(C) and (e) is discretionary and will not be overturned on appeal unless an abuse of that discretion is shown. *Ashby v. Western Council,* 117 Idaho 684, 686, 791 P.2d 434, 436 (1990).

## ANALYSIS

Because we review the district court's order of dismissal for an abuse of discretion, the sequence of our inquiry is:

(1) whether the trial court correctly perceived the issue as one of discretion;

(2) whether the trial court acted within the outer boundaries of its discretion and consistently with the legal standards applicable to the specific choices available to it; and (3) whether the trial court reached its decision by an exercise of reason.

*Sun Valley Shopping Ctr. v. Idaho Power,* 119 Idaho 87, 94, 803 P.2d 993, 1000 (1991).

Our review of the record convinces us that the first issue in the analysis, whether the trial court correctly perceived the issue to be one of discretion, is satisfied in this case. The record shows that the district court denied two motions for dismissal and sanctions brought by Fred Meyer before finally granting the third such motion. The language quoted above from the district court's order granting the motion for dismissal also demonstrates that the judge understood that his decision whether to grant the motion was a matter within his discretion.

The second step in our review of the district court's discretion requires us to determine whether the trial court correctly applied the applicable legal standards in exercising its discretion. The legal standards governing a trial court's decision to dismiss with prejudice for failure to comply with pretrial discovery orders were set out by our Supreme Court in *Ashby,* 117 Idaho at 686, 791 P.2d at 436; *see also Blaser v. Riceci,* 119 Idaho 834, 836, 810 P.2d 1120, 1122 (1991); and *Kugler v. Drown,* 119 Idaho 687, 690, 809 P.2d 1166, 1169 (Ct. App.1991). In *Ashby,* the Court held that the two primary factors to be considered by trial courts in deciding whether to dismiss an action with prejudice for failure to comply with procedural rules are whether a clear record of delay has been shown by the moving party, and whether lesser sanctions were imposed with no effect. *Ashby,* 117 Idaho at 686, 791 P.2d at 436. The Court went on to say that the existence of these two primary factors "must be bolstered by the presence of at least one 'aggravating' factor, including: 1) delay resulting from intentional conduct, 2) delay caused by the plaintiff personally, or 3) delay causing prejudice to the defendant." *Ashby,* 117 Idaho at 686–87, 791 P.2d at 436–37.

1. *A Clear Record of Delay.* The procedural history of this case set forth above demonstrates a clear record of delay by the Kleines. The Kleines' complaint was originally filed on July 21, 1988, and the first trial date was set for approximately nine months later. During the nine months before the original trial date the Kleines failed to adequately respond to Fred Meyer's requests for copies of Kleine's medical

records. As a result, the original trial date had to be postponed to October 22, 1990. In July of 1990, Fred Meyer was forced to file a motion for an order compelling the Kleines to produce the medical records, which motion was granted. The Kleines' noncompliance with this discovery order necessitated further postponement of the trial from October 22, 1990, until June 25, 1991. In May of 1991 the Kleines failed to appear for a scheduled pre-trial conference, and Fred Meyer renewed a previously-withdrawn motion for dismissal. The district court was reluctant to dismiss the case, and denied the motion on condition that the Kleines comply with the former discovery order within ten days, warning the Kleines that failure to comply would result in dismissal of the case.

On July 23, 1991, Fred Meyer filed another motion to dismiss on the grounds that the Kleines had failed to fully comply with the court's discovery order, and also on the grounds that Kleine had failed to participate in the follow-up IME scheduled for July 22. The district court once again denied the motion to dismiss, this time on two conditions: 1) that by August 12, 1991, the Kleines pay the doctor and attorney fees associated with Kleine's failure to participate in the July 22 IME, and 2) that Kleine participate in a subsequent IME scheduled for August 12, so that the doctor would have time to perform the IME and prepare his report before the August 20, 1991, trial date. The record further shows that Kleine failed to comply with either of the two conditions specified by the district court; Kleine failed to participate in the August 12 IME, and the Kleines failed to pay the doctor fees by August 12 as ordered by the court.

The record in this matter supports various findings by the district court to the effect that the Kleines had not been forthcoming in responding to Fred Meyer's discovery requests, and that Kleine was at fault for not participating in the scheduled IME's. Thus, the procedural history of this matter reflects a clear record of delay caused by the Kleines.

2. *Lesser Sanctions Proved Ineffective.* The record in this case shows that the district court imposed increasingly severe sanctions short of dismissal upon the Kleines, and that those sanctions were ineffective in curing the Kleines' dilatory conduct. The first sanction imposed by the district court was an order compelling the Kleines to produce the medical records requested by Fred Meyer. When the Kleines failed to comply with that order, the district court issued another order compelling production of the records, but also threatening the Kleines with dismissal of the case if they failed to comply. When the Kleines failed to fully comply with this order, and failed to participate in the July 22, 1991, IME, the court imposed further lesser sanctions by ordering the Kleines to pay for the costs associated with the failed IME—which costs amounted to $1,506— and by expressly warning the Kleines that failure to participate in the IME scheduled for August 12 would result in dismissal of the case. "An award of costs and explicit warnings are among the appropriate preliminary measures which a trial court may take to force compliance with procedural rules before taking the drastic measure of dismissal with prejudice." *Ashby v. Western Council,* 117 Idaho at 687, 791 P.2d at 437. Based on our review of the record, we conclude that the district court imposed lesser sanctions on the Kleines in an effort to cure their dilatory behavior, and that those lesser sanctions were ineffective.

3. *Aggravating Factors.* Under *Ashby,* the two primary factors "must be bolstered by the presence of at least one 'aggravating' factor, including: 1) delay resulting from intentional conduct, 2) delay caused by the plaintiff personally, or 3) delay causing prejudice to the defendant." *Ashby,* 117 Idaho at 686–87, 791 P.2d at 436–37. The district court found upon substantial evidence that Kleine was personally at fault for the delay resulting from the missed IME on July 22, 1991. The court also found that Fred Meyer had been prejudiced by the delay caused by Kleine, stating: "[T]he bottom line is if we go to trial the 20th, there's no way [the defendants] can have their independent medical exami-

nation and there's no way they can have a fair trial, and under all the circumstances I don't think it's their fault." Thus, the record in this case demonstrates the presence of at least two aggravating factors.

Our consideration of the factors set forth in *Ashby* leads us to the conclusion that the district court acted within the boundaries of its discretion and consistently with the applicable legal standards in deciding to dismiss the Kleines' action with prejudice. Further, having thoroughly reviewed the record in this case, we conclude that the district court reached its decision by an exercise of reason.

### CONCLUSION

Based on the facts and reasoning set forth above, we hold that the Kleines have failed to show that the district court abused its discretion in dismissing their case with prejudice. Accordingly, we affirm the district court's order of dismissal.

Costs to respondent, Fred Meyer. No attorney fees are awarded on appeal.

WALTERS, C.J., and SWANSTROM, J., concur.