791 P.2d 434

Michael T. ASHBY, Linda Ashby, James C. Collyer, Teresa Collyer, Kevin Davis, Philena Davis, Richard Funkhouser, Cathy Funkhouser, David Thomas, Darlissa Thomas, Thomas B. Clairmont, Sheila Clairmont, Steve Economu, Cheryl Economu and Tom Fodge, Jr., Plaintiffs–Appellants,

v.

WESTERN COUNCIL, LUMBER PRODUCTION AND INDUSTRIAL WORKERS and James Bledsoe, Executive Secretary, Western Council, Michael Draper, Business Agent and Representative, Western Council, Inland Empire Dis-

trict Council and Billy Brother, Executive Secretary, Inland Empire Council, and Jay Perrizo, Executive Secretary, Portland Coast–Columbia Council, "Local 3171 of Said Western Council LPIW," and Don Sappington, President, Local 3171, Jesse Bell, Vice–President, Local 3171, Burton Baker, Kevin Church, Britt Hamilton, Terry Johnson, Francis Jones, Dan McDonald, Kenneth McDonald, Jeff Schauble, Magnus Schwalich, Larry Pruitt, and Ray Webb, Defendants–Respondents.

No. 17218.

Supreme Court of Idaho.

May 4, 1990.

Peter B. Wilson, Bonners Ferry, Hugh L. Reilly, Springfield, Va., for appellants. Hugh L. Reilly argued.

Verby, Elsaesser & Jarzabek, Sandpoint, Jolles, Sokol & Bernstein, Portland, Or., for respondents. Steven C. Verby and Bernard Jolles argued.

McDEVITT, Justice.

Plaintiffs-appellants (employees) brought suit against the defendants-respondents (union) on April 16, 1984. After taking depositions of individual plaintiffs, the defendant submitted Interrogatories, Requests for Production and Requests for Admissions on September 26, 1985. On October 9, 1985, plaintiffs filed a Motion for Enlargement of Time in which to respond to the discovery requests; the reasons stated were that pending Motions for Summary Judgment and Dismissal of Counterclaims should be resolved before further discovery, and that plaintiffs' counsel had just returned from a leave of absence. Defendants, in a Motion for Continuance of the hearing date, noted that they did not object to an enlargement of plaintiffs' response time to November 30, 1985. Both plaintiffs' and defendants' motions

were granted, and a hearing date was set for December 9, 1985. That hearing never took place because plaintiffs agreed to dismiss the Motions to Dismiss the Counterclaim and for Summary Judgment, and defendants agreed to dismiss their Counterclaim.

On October 7, 1986, plaintiffs filed a Certificate of Readiness for Trial, and on October 20, defendants objected, primarily because plaintiffs had not yet responded to their discovery requests. A hearing on these motions was heard on August 10, 1987.

At the hearing, defense counsel requested the judge to strike plaintiffs' complaint as a sanction for non-compliance with discovery. Defense counsel pointed out that plaintiffs had never filed any objection to the requested discovery or any response to defendants' Motion to Compel. Plaintiffs' counsel stated that there would be no objections to the Interrogatories, and that responses were being drafted at that time.

The district court granted defendants' Motion to Compel, ordering plaintiffs to answer the Interrogatories within one week of August 10, 1987. The court also imposed sanctions by assessing defendants' costs and attorney's fees in bringing the Motion to Compel against the plaintiffs. Plaintiffs submitted answers within the deadline. However, defendants argued that the responses were lacking in several respects, and filed a Motion to Compel, Motion to Strike, and Request for Sanctions on August 24, 1987.

The perceived deficiencies in the plaintiff's responses were that requested documents were not supplied, specific requests for information were not fully answered and many questions were answered only with the assertion that they were "not applicable."

On August 31, 1987, the date set for hearing on defendants' motion, plaintiffs moved for an extension of time in which to respond to defendants' Request for Sanctions. On the same day, defendants agreed to withdraw the Motion to Compel, reserving leave to renotice the motion at a later date. On October 2, 1987, defendants re-noticed the Motion to Compel, Motion to Strike and Request for Sanctions for October 13, 1987. Oral argument was heard on that date.

The court orally granted defendants' motion, and filed a written Order on October 16, 1987, dismissing plaintiffs' claims with prejudice. Plaintiffs filed a Motion for Reconsideration, which was argued on October 26, 1987. At the close of that hearing, the court orally affirmed its previous order.

Appellants charge that the district court abused its discretion in dismissing their case with prejudice as a discovery sanction for two reasons. First, appellants claim that the facts of the case do not warrant such an extreme measure. Second, appellants argue that the trial court failed to consider lesser sanctions, or make findings as to why dismissal of the action as a sanction was appropriate. We think that the sanction was appropriate under the circumstances, and was adequately supported in the written Order of the trial court.

Idaho Rule of Civil Procedure 37(b) lists the types of sanctions available for failure to comply with discovery orders, including dismissal of the action. The imposition of sanctions under that rule is committed to the discretion of the trial court, and that ruling will not be overturned on appeal absent a manifest abuse of discretion. *Southern Idaho Prod. Credit Ass'n (SIPCA) v. Astorquia,* 113 Idaho 526, 746 P.2d 985 (1987); *Devault v. Steven L. Herndon,* 107 Idaho 1, 684 P.2d 978 (1984).

■ There are, however, certain factors which have been explicitly laid out by this Court to guide the trial court's decision. *Fitzgerald v. Walker,* 113 Idaho 730, 747 P.2d 752 (1987), cited with approval several cases from the Fifth Circuit which discuss the sanction of dismissal with prejudice for failure to comply with procedural rules. The two primary factors are a clear record of delay and ineffective lesser sanctions, which must be bolstered by the presence of at least one "aggravating" factor, including: 1) delay resulting from intentional conduct, 2) delay caused by the plaintiff personally, or 3) delay causing prejudice to

the defendant. *Rogers v. Kroger,* 669 F.2d 317, 320 (5th Cir.1982); *Morris v. Ocean Sys., Inc.,* 730 F.2d 248 (5th Cir.1984); *Boudwin v. Graystone Ins. Co.,* 756 F.2d 399 (5th Cir.1985). The consideration of these factors must appear in the record in order to facilitate appellate review.

■ We hold that the trial court considered the relevant factors and clearly set forth appropriate reasons for its decision to dismiss appellant's case with prejudice as a discovery sanction.

There was a clear record of delay in this case, as noted in the factual statement above. The district court outlined the history of the case from September 26, 1985, to October 13, 1987, during which time appellants did not produce satisfactory answers to Interrogatories.

■ Although the appellants did file Answers to respondent's Interrogatories and Requests for Production of Documents after they were explicitly ordered to do so by the court and warned that a failure to comply would result in dismissal, the Answers they filed were entirely inadequate. Idaho Rule of Civil Procedure 33(a)(2) governs the proper form of Answers to Interrogatories. It requires a complete response to Interrogatories, and answers stating that the questions are "not applicable," as did many of the Answers filed by appellants, are deficient. If in fact the Interrogatories are beyond the legitimate scope of discovery, the proper procedure is to object to them in a timely manner. I.R.C.P. 33(a)(2). Parties are required to furnish all available information relevant to the Interrogatory which is obtainable without undue labor and expense. Wright & Miller, *Federal Practice and Procedure* § 2174. Finally, I.R.C.P. 33(a)(2) requires answers to be signed by the person making them.

Appellants in this case specifically represented to the district court that they had no objections to the Interrogatories. Yet they responded to several questions with the bald assertion that the questions were "not applicable." Where respondent's Interrogatories requested names, addresses, telephone numbers and employers of certain individuals who might have knowledge of the case, appellants responded with names only, making no attempt to claim that the further information was unavailable. For the most part, respondents' Requests for the Production of Documents were ignored, and where photographs were requested appellants provided indecipherable photocopies. Respondents' request for the summary of expected witness testimony was ignored. None of the Answers were signed by the parties themselves, but were signed only by the appellants' attorney.

We think that these responses fell so short of a good faith attempt at compliance with the district court's Order to comply with discovery that they contribute to the clear record of delay in this case.

Appellants also claim that even if the facts of the case support the sanction of dismissal, the trial court abused its discretion by failing to consider lesser sanctions, or make findings as to why dismissal rather than lesser sanctions was appropriate.

■ The simple answer is that the trial court did in fact impose lesser sanctions against appellants at the time it ordered appellants to comply with the discovery requests. At the August 10, 1987, hearing, the district court ordered appellants to comply with the discovery request within seven days, warned them that a failure to comply would result in dismissal of the case with prejudice, and awarded respondents their attorney's fees, costs and expenses in bringing the Motion to Compel. These lesser sanctions were patently inadequate, as appellants subsequently failed to file responsive Answers. An award of costs and explicit warnings are among the appropriate preliminary measures which a trial court may take to force compliance with procedural rules before taking the drastic measure of dismissal with prejudice. *Rogers,* 669 F.2d at 320–21.

In addition, the Order of the trial court dismissing appellants' claim implicitly found the "aggravating factor" of prejudice to the defendant. It noted in the October 13, 1987, Order that "[a]ll counsel are aware of the fact that this case is set for

trial to commence on November 3, 1987." The fact that discovery had not been completed after two years was certainly prejudicial to the defendant who would be forced to answer the plaintiff's evidence in court within two weeks. Therefore, noting that the trial court considered and in fact imposed lesser sanctions without result, we support its decision that the sanction of dismissal was appropriate under the circumstances.

■ Respondents have requested attorney's fees on appeal under I.A.R. 41. Such an award is only proper where this Court "is left with the abiding belief that the appeal was brought, pursued or defended frivolously, unreasonably, or without foundation." *Minich v. Gem State Developers, Inc.*, 99 Idaho 911, 918, 591 P.2d 1078, 1085 (1979).

This is a stringent test, and fees under this standard should not be lightly imposed. However, we think that the facts of this case meet the test. Appellants employed clearly dilatory tactics throughout the pretrial stages of the litigation, and now appeal to this Court for relief from the sanctions they brought upon themselves. This is reminiscent of the story of the man who murdered both of his parents, then threw himself on the mercy of the court because he was an orphan.

The factual grounds urged in support of reversing the decision below do not support reversal under a manifest abuse of discretion standard. The record amply supports the holding of the trial court. The cases cited by appellants do not support their position. Under the circumstances, we feel that an award of attorney's fees is justified.

Costs and attorney's fees are awarded to respondents.

BAKES, C.J., and BISTLINE, JOHNSON and BOYLE, JJ., concur.