822 P.2d 1015

**FISH HAVEN RESORT, INC., an Idaho corporation; and Richard E. Harlin and Lucille N. Harlin, husband and wife, Plaintiffs–Respondents,**

v.

**Max ARNOLD, Defendant–Appellant.**

No. 18703.

Court of Appeals of Idaho.

Dec. 23, 1991.

A. Bruce Larson, Soda Springs, for defendant-appellant.

Racine, Olson, Nye, Cooper & Budge, Pocatello, for plaintiffs-respondents. Fred J. Lewis argued.

SWANSTROM, Justice.

Plaintiffs brought this action for damages, alleging that Max Arnold breached a contract to purchase the Harlins' resort in Bear Lake County. Arnold filed an answer and counterclaim, but he allegedly failed to comply with a pretrial scheduling order. Consequently, the district court ordered Arnold and his counsel to show cause why sanctions should not be imposed. When Arnold failed to appear at the hearing, the court found Arnold in contempt of court and ordered that his pleadings be stricken. The court also ordered that judgment be entered immediately against Arnold in the amount of $618,682, as prayed for in the complaint. We are asked to review the order imposing sanctions and the judgment.

The central issues presented to us are: whether the court erred by striking Arnold's pleadings and by awarding judgment to the Harlins; and whether the court abused its discretion by refusing to grant Arnold's motion to alter or amend the judgment. For reasons given below, we vacate the order and judgment and remand the case for further proceedings.

## FACTS

The Harlins were the sole shareholders, officers, and directors of Fish Haven Resort, Inc., until June 29, 1984, when they sold all of the outstanding stock in the corporation to Arnold. Arnold was the sole shareholder, officer, and director in the corporation and had exclusive management and control over the corporation until August 7, 1985. At that time, Arnold abandoned the business property, and relinquished the control of Fish Haven to the Harlins.

The Harlins, individually and on behalf of Fish Haven, sued Arnold for breach of contract. In their complaint the Harlins alleged that Arnold had wrongfully con-

verted personal property and other assets of Fish Haven for his personal use, caused and permitted waste and destruction of assets, breached fiduciary duties owed to the Harlins, breached implied covenants of good faith, and had otherwise been negligent. Arnold answered the complaint and also filed a counterclaim contending that the Harlins had failed to perform certain duties pursuant to the parties' contract, namely, that the Harlins had failed to effect a change in title of the real property which was the principal asset of the corporation.

Arnold resided in Denver, Colorado, although he owned real property and had transacted business in Idaho. Throughout the proceedings below, Arnold's health was very poor due to heart attacks and renal disease. During the fall of 1989 and spring of 1990, Arnold was undergoing kidney dialysis treatment in Colorado. He was represented in this action by Boise counsel who is different from his attorney in this appeal.

## PROCEDURAL HISTORY

On May 31, 1989, the court outlined a pretrial schedule and set the case for trial on November 6, 1989, at Paris, in Bear Lake County. In October, Arnold's Boise counsel sought to withdraw from the case, stating in an affidavit that his client owed him several thousand dollars, without having made any payment for more than three years, and that counsel could not continue to incur costs and fees for defense of the action. Plaintiffs' counsel stipulated to the withdrawal but on October 23 the court rejected the proposed stipulated order and denied counsel's motion to withdraw.

On October 26, the court found that Arnold had failed to comply with the court's trial and scheduling order and had failed to participate in the pretrial conference. On that same date, the court vacated the scheduled jury trial, and set a show cause hearing for November 6, 1989, in lieu of the trial. The court ordered Arnold and his counsel to appear at the November 6 hearing to show cause why sanctions should not be imposed upon Arnold and counsel for failing to comply with pretrial procedures.

On October 27, 1989, Arnold's counsel wrote a letter to the district judge informing him that due to Arnold's poor health and financial condition, Arnold could not appear at the November 6 hearing, and he further requested that counsel be excused from appearing. A handwritten note by the judge on counsel's letter indicates the judge "ok[ed]" counsel's request to be excused and that sanctions would be limited to judgment against Arnold. The judge's notation also suggests that the court may have informed counsel's secretary of his decision by telephone, but the record is not clear.[1] In any event, neither Arnold nor his counsel appeared at the November 6 hearing; only the plaintiffs' counsel appeared.

On November 6, the court signed an order stating:

> that the Defendant has failed to comply with the Court's Pretrial Order [entered] herein on May 31, 1989; has caused delay of the trial and further has failed to appear or otherwise respond to the Court's Show Cause Order dated October 23, 1989, and, therefore, is in contempt of Court by reason of which sanctions are appropriate and will be imposed against Defendant.

The court found Arnold in contempt, imposed sanctions against Arnold by striking his answer and counterclaims and ordered that judgment be entered against him "as prayed for in Plaintiffs' Complaint filed herein in the amount of $618,682." The judgment was signed the same day and was entered on November 7.

On November 17, 1989, Arnold's Boise counsel filed a motion to alter or amend the judgment under I.R.C.P. 59(e). The stated grounds for the motion were that the court

---

1. The record does show that a letter arrived at counsel's office on November 6 from Dr. Persoff, a nephrologist in Denver, Colorado. The doctor wrote that he was supervising Arnold's dialysis treatments and he could not allow Arnold to travel to "rural Idaho" where Arnold would have no medical support for his renal condition. Counsel immediately sent a copy of the letter to the district judge but it was not received until November 8.

abused its discretion by failing to allow Arnold adequate time to obtain substitute counsel, by striking Arnold's defenses and counterclaims, and by entering a judgment for excessive damages, amounting to a "manifest injustice." The motion essentially asked the court to vacate the judgment, allowing Arnold's counsel to withdraw and allowing Arnold twenty-one days to obtain substitute counsel under I.R.C.P. 11(b)(2).

A hearing was held on March 22, 1990. Because of Arnold's precarious health, the court allowed a "conference telephone" hearing under I.R.C.P. 7(b)(4), with Arnold testifying under oath from Colorado. Dr. Persoff had written another letter dated March 9, 1990, informing the district judge of Arnold's condition. According to Dr. Persoff, Arnold could take two or three-day trips away from his home with adequate medical facilities, but an increased risk to Arnold's health would arise. After the hearing, the motion was denied, and this appeal followed.

## ANALYSIS

The Idaho Rules of Civil Procedure allow trial judges discretion in fashioning pretrial orders to efficiently manage cases. I.R.C.P. 16(a). A party or attorney who does not comply with pretrial orders or is otherwise deficient may be sanctioned pursuant to Rule 16(i) and, as referenced therein, Rule 37(b)(2), which outlines sanctions for the violation of discovery orders. Rule 37(b)(2) authorizes the court to strike pleadings in whole or in part, and to treat disobedience of orders as contempt of court. I.R.C.P. 37(b)(2)(C), (D).

■ The parties have correctly identified the standard of review where the district court has imposed sanctions pursuant to I.R.C.P. 37(b) as whether the district court abused its discretion. *Southern Idaho Production Credit Assn. v. Astorquia,* 113 Idaho 526, 746 P.2d 985 (1987). The appellant bears the burden of showing such an abuse of discretion, and must do so by showing that the district court's findings are clearly erroneous. *Astorquia,* 113 Idaho at 528, 746 P.2d at 987 (citing *Shelton v. Diamond International Corp.,* 108 Idaho

935, 703 P.2d 699 (1985)). We will not overturn the district court "absent a *manifest* abuse of that discretion." *Astorquia,* 113 Idaho at 528, 746 P.2d at 987.

■ Arnold contends that this case falls within the rule stated by our Supreme Court in *Astorquia.* There the Supreme Court held

> that before ordering the drastic remedy of dismissal of defenses and counterclaim, a trial court must consider lesser sanctions, and that if dismissal is nevertheless ordered, appropriate findings of fact must be made.

*Astorquia,* 113 Idaho at 531, 746 P.2d at 990. Specific findings regarding the inadequacy of lesser sanctions are necessary to sustain the more serious sanction of striking pleadings and entering judgment. *Id.* at 530, 746 P.2d at 989.

The Harlins, however, attempt to distinguish this case from *Astorquia* on the basis that the defendants there had only refused to comply with discovery requests. The Harlins contend that Arnold's actions are more egregious than the refusal to comply with discovery requests committed by the defendants in *Astorquia* and thus warrant stiffer sanctions. The Harlins contend that because Arnold failed to comply with the pretrial order and failed to appear at the hearing to show cause, the sanctions imposed by the court were appropriate.

■ We do not find the Harlins' argument persuasive. The Supreme Court did not condition its holding in *Astorquia* on the type of pretrial misconduct committed, but rather, on the type of sanction imposed. The holding and rationale of *Astorquia* apply to this case as well. When the trial court sanctions a party by striking pleadings and entering judgment against that party, the court must make specific findings that less severe sanctions would be inadequate.

■ The only factual findings the court made in its order imposing sanctions have been quoted above. The court did not make any findings regarding the inadequacy of any lesser sanctions. Although in the

pretrial order and the order to show cause Arnold had been warned about the possibility of sanctions, such as the striking of responsive pleadings, the Supreme Court has clearly stated that certain factual findings must accompany the imposition of the most severe sanctions. We hold that the court should have considered lesser sanctions prior to the striking of the answer and counterclaim and should have made findings showing why lesser sanctions would not have been appropriate.

Further guidance on what must accompany the severest sanctions pursuant to Rule 37(b) is contained in *Ashby v. Western Council, Lumber Production and Industrial Workers,* 117 Idaho 684, 791 P.2d 434 (1990) (citing *Fitzgerald v. Walker,* 113 Idaho 730, 747 P.2d 752 (1987)). In order to justify the sanctions of dismissal of pleadings and entry of judgment, the record below must clearly reflect both delay and ineffective lesser sanctions, and must be bolstered by at least one "aggravating" factor such as delay which is: (1) intentional, (2) caused by the plaintiff personally, or (3) results in prejudice to the other party. *Ashby,* 117 Idaho at 686–87, 791 P.2d at 436–47.

In fairness, we must look at the record as it existed when the district court entered its order imposing sanctions and directing entry of judgment against Arnold. There is no question that Arnold's Boise counsel waited too long before attempting to withdraw from the case. A trial judge may justifiably suspect the motivations for an attempted withdrawal by defendant's counsel as the trial date looms ahead. Nevertheless, the record here would not support a finding that the attempted withdrawal by Arnold's counsel was made for Arnold's benefit. A motion for continuance, based on Arnold's extreme poor health would have served Arnold well, if counsel had been aware of Arnold's personal and family problems. No motion for a continuance was made. The trial was delayed but the record would not have supported a finding that Arnold intentionally caused the delay.

Moreover, plaintiffs' counsel agreed to—and did—stipulate that Arnold's counsel could withdraw, knowing that the trial would be vacated and that Arnold would be given twenty days to obtain new counsel or proceed *pro se,* or suffer the entry of a default judgment. I.R.C.P. 11(b)(2), (3). This does not suggest that the plaintiffs would have been prejudiced by the delay and, indeed, the plaintiffs made no such contention. At this time the plaintiffs had already regained possession and control of the resort property from Arnold.

The special concurrence of Justice Donaldson in *Astorquia* provides additional advice to trial judges in the difficult task of imposing sanctions. 113 Idaho at 531, 746 P.2d at 990. Justice Donaldson pointed out the dual purpose of sanctions:

'[I]t seems especially fitting that courts should make the punishment fit the crime and should not impose a drastic sanction that will prevent adjudication of a case on its merits except on the clearest showing that this course is required.... The courts have ... exercised their discretion in a fashion intended to encourage discovery rather than simply to punish for failure to make discovery.'

*Astorquia,* 113 Idaho at 532, 746 P.2d at 991 (quoting 8 Wright & Miller, *Federal Practice and Procedure* 2284, pp. 767–72 (footnotes omitted)). Similarly, sanctions for pretrial order violations should both punish and encourage pretrial efficiency. Justice Donaldson also pointed out, however, that an order of dismissal may be appropriate as the first sanction, but only if lesser sanctions have been considered by the trial judge and have been found to be ineffective.

We conclude that the district court erred in imposing the most severe sanctions without considering the effectiveness of lesser sanctions and making appropriate findings in respect thereto. Moreover, we hold that the record developed at the time of the hearing on Arnold's motion for relief from the judgment shows that it was an abuse of discretion for the court not to grant relief from the judgment. Accordingly, we vacate the judgment and the order finding Arnold in contempt of court and imposing

sanctions against him, and we remand the case to the district court for further proceedings consistent with this opinion. Our decision makes it unnecessary to address other issues argued by Arnold.

No costs or attorney fees are awarded on appeal.

SILAK, J., and HART, J. Pro Tem., concur.