16 P.3d 958

Paul Louis PETERSON and Barbara Martin Peterson, husband and wife, Plaintiffs–Appellants,

v.

Sarah Elizabeth McCAWLEY and John Doe McCawley, wife and husband; Lorri Ford and John Doe 1 and Jane Doe 1, husband and wife, Defendants–Respondents.

No. 25801.

Court of Appeals of Idaho.

Dec. 29, 2000.

Steven M. Cronin, Spokane, WA; Elsaesser, Jarzabek, Anderson, Marks Elliot, Sandpoint, for appellant. Steven M. Cronin argued.

D. Samuel Eismann, Coeur d'Alene, for respondent.

LANSING, Judge.

This personal injury action was dismissed *sua sponte* by the district court because the court found that the plaintiff had not timely complied with a court order to file a case status report. The Petersons appeal, asserting that the case status report was timely, and in the alternative, that even if the report was untimely, dismissal was an abuse of the district court's discretion.

## FACTS AND PROCEDURAL HISTORY

This case arises out of a collision between vehicles being driven by Paul Peterson and Sarah McCawley. Paul and Barbara Peterson filed a complaint for negligence against McCawley and Lorri Ford, the owner of the vehicle that McCawley was driving. (McCawley and Ford are hereafter referred to collectively as "McCawley.") McCawley filed an answer, and a trial was scheduled for January 17, 2000.

In May 1999, the Idaho Supreme Court appointed Third District Judge Dennis E. Goff to serve as a pro tem district judge in the First Judicial District to assist with pending cases in that district during a five-day period from August 16 to August 20, 1999. Cases assigned to the pro tem judge included this case. On June 9, the pro tem judge signed an order advancing the trial date to August 16, 1999 and directing the parties to file a case status report within fourteen days from "the date of this order." The status report was to notify the court whether any party had filed bankruptcy, whether the case had been settled and, if the case was not settled, whether settlement efforts had been made and whether a judicial settlement conference would be beneficial. The order also warned: "If a party fails to timely comply with this Order, this court will impose sanctions. In addition to any other appropriate sanction this Court notifies the parties that this Court will impose the sanction of dismissal or striking the answer and entering a default judgment without further notice or hearing." Although signed on June 9 (presumably in the pro tem judge's chambers in the Third District), the order was not filed by the Bonner County court clerk until June 14. It was mailed to the parties on June 15.

A case status report was filed by McCawley on June 29 and by the Petersons on July 1. The pro tem district judge telephoned the Bonner County court clerk's office on June 30 to determine whether the parties had timely filed their case status reports. He was informed that there was a report from McCawley but none from the Petersons. On July 9, the district court issued an order *sua sponte* dismissing the Petersons' case because they had not complied with the order for a status report although their report was by then in the court file.

The Petersons thereafter filed a motion for reconsideration of the dismissal, together with a supporting affidavit of their attorney. The affidavit stated that the district court's order to file a status report was mailed to counsel by the court clerk on June 15, 1999, and counsel was under the impression that "the three-day mailing rule applied thereafter." The affidavit further informed the court that the attorney had mailed the Petersons' case status report to the court clerk on June 30 and that the Petersons were in agreement with the information contained in the report that had been earlier filed by McCawley. The affidavit also outlined discovery and trial preparation activity that the parties had undertaken since receipt of the pro tem district judge's order in an attempt to accommodate the acceleration of the trial date by five months. In addition, the affidavit pointed out that if the deadline for the case status report was June 23, 1999 (fourteen days from June 9), as indicated in the dismissal order, then both parties' reports in this case had been untimely. After conducting a hearing by telephone on the motion, the district court denied the motion for reconsideration.

The Petersons now appeal, asserting that their case status report was timely and, alternatively, even if the report was late, dismissal was an abuse of the district court's discretion.

## ANALYSIS

For purposes of this appeal, we will accept the district court's view that the dead-

line for the status reports was June 23, 1999, and that the Petersons' report was therefore eight days late.[1] Idaho Rule of Civil Procedure 16(a) empowers trial courts to fashion pretrial orders for efficient case management. *Fish Haven Resort, Inc. v. Arnold*, 121 Idaho 118, 121, 822 P.2d 1015, 1018 (Ct. App.1991). Permissible sanctions include those outlined in Rule 37(b)(2) for violation of discovery orders, and the imposition of sanctions under Rule 16(i) is subject to the same standards as sanctions for discovery violations. *See Fish Haven Resort, supra.* The use of such sanctions is discretionary with the trial court. *Ashby v. Western Council, Lumber Production and Indus. Workers*, 117 Idaho 684, 686, 791 P.2d 434, 436 (1990); *Southern Idaho Prod. Credit Ass'n v. Astorquia*, 113 Idaho 526, 528, 746 P.2d 985, 987 (1987); *Devault v. Steven L. Herndon, a Prof'l Ass'n*, 107 Idaho 1, 2, 684 P.2d 978, 979 (1984); *Kleine v. Fred Meyer, Inc.*, 124 Idaho 44, 47, 855 P.2d 881, 884 (Ct.App.1992); *Fish Haven Resort, Inc., supra.* When such a discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine: (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the court reached its decision by an exercise of reason. *Sun Valley Shopping Ctr. v. Idaho Power Co.*, 119 Idaho 87, 94, 803 P.2d 993, 1000 (1991); *Roe v. Doe*, 129 Idaho 663, 666, 931 P.2d 657, 660 (Ct.App.1996); *Kleine, supra*.

■ In fashioning sanctions, a trial court should "balance the equities by comparing the culpability of the disobedient party with the resulting prejudice to the inno-cent party." *Roe*, 129 Idaho at 668, 931 P.2d at 662 (quoting *Astorquia*, 113 Idaho at 532, 746 P.2d at 991 (Donaldson, J., concurring)). Before ordering the most drastic sanction—the dismissal of an action or entry of judgment against a litigant—the trial court must first consider lesser sanctions and make specific findings that less severe sanctions would be inadequate. *Astorquia*, 113 Idaho at 531, 746 P.2d at 990; *Fish Haven Resort, supra.* Further, the Idaho Supreme Court has established certain factors that a trial court must consider before imposing the most severe sanctions: "The two primary factors are a clear record of delay and ineffective lesser sanctions, which must be bolstered by the presence of at least one 'aggravating' factor, including: 1) delay resulting from intentional conduct, 2) delay caused by the plaintiff personally, or 3) delay causing prejudice to the defendant." *Ashby*, 117 Idaho at 686–87, 791 P.2d at 436–37 (citations omitted). The trial court's consideration of these factors "must appear in the record in order to facilitate appellate review." *Id.* at 687, 791 P.2d at 437.

■ The record here does not reveal that the district court considered any of these factors, nor would the record support a finding that any of these factors are present. First, there is no clear record of delay on the part of the Petersons nor any indication or specific findings, pursuant to *Astorquia*, that lesser sanctions would have been ineffective or inadequate. Indeed, there is no allegation or evidence of any delay prior to the eight-day delinquency in filing their case status report. The record also demonstrates the absence of any of the three aggravating factors outlined in *Ashby*. The affidavit filed in support of the Petersons' motion for reconsideration shows that the lateness of the

---

1. The Petersons argue that the district court was incorrect in determining that their status report was untimely. They contend that the fourteen-day response time allowed by the order did not begin to run until June 14, the day that the order was filed by the Bonner County court clerk, and that because the order was mailed to the Petersons, three days were added to the response time pursuant to I.R.C.P. 6(e)(1). According to the Petersons' calculation, the response time therefore did not expire until July 1, 1999, the date on which the Petersons' report was filed.

We acknowledge that there is ambiguity as to whether the "date" of the order was the date on which it was signed by the district judge or the date it was filed by the court clerk, and we are aware of nothing in the Idaho Rules of Civil Procedure or Idaho case law that clarifies the matter. However, we need not resolve this issue in view of our determination herein that, even if the Petersons' report was untimely, it was an abuse of discretion for the district court to dismiss the action as a sanction.

status report was not intentional misconduct but a result of the Petersons' attorney's assumption (perhaps misguided) that the response time did not begin to run until the order requiring status reports was filed in Bonner County and that the "three days for mailing" rule under I.R.C.P. 6(e)(1) extended the applicable period to seventeen days. There is no evidence that the delay was caused by the Petersons personally or that the delay prejudiced McCawley. Indeed, McCawley's counsel candidly acknowledged in this appeal that no prejudice had been suffered by his client. Thus, none of the criteria set forth in *Ashby* for the severe sanction of dismissal are satisfied here.

We further note that the dismissal sanction here was uniquely inequitable because, according to the district court's computation of the time limit, *both* parties' status reports were filed late. The district court's order thus imposed the ultimate sanction on one delinquent party while giving a windfall to the other delinquent party. We find in the record no justification for this action.

■ In expressing its reasons for the dismissal, the district court referred to the forewarning contained in the order for case status reports that if a party failed to timely comply with the order, the court would impose a sanction of dismissal or strike the answer and enter a default judgment without notice. In our view, however, such a predetermined imposition of the most severe sanction runs afoul of the fact-specific considerations required by *Ashby*. The mere fact that the district court informed the parties of the sanction in advance does not justify the use of an otherwise impermissible sanction.

In *Fitzgerald v. Walker*, 113 Idaho 730, 732, 747 P.2d 752, 754 (1987), the Idaho Supreme Court cautioned against the overzealous use of sanction powers as a tool of court management:

These discretionary tools exist for the use of trial courts, but they must be used judiciously and for proper purposes. As has been said, the goal is not expediency for its own sake:

"Courts exist to serve the parties, and not to serve themselves, or to present a record with respect to dispatch of business. Complaints heard as to the law's delays arise because the delay has injured litigants, not the courts. For the court to consider expedition for its own sake 'regardless' of the litigants is to emphasize secondary considerations over primary."

*Id.* (quoting *Alamance Industries, Inc. v. Filene's*, 291 F.2d 142, 146 (1st Cir.1961)).

We conclude that the district court in this instance abused its discretion because the court did not act consistently with applicable legal standards for imposition of the severe sanction of dismissal of a party's action. Accordingly, the dismissal order is reversed, and the case is remanded to the district court for further proceedings. Costs are awarded to appellants.

Chief Judge PERRY and Judge Pro Tem SCHILLING concur.