# IN THE SUPREME COURT OF THE STATE OF IDAHO
## Docket No. 50774

MARK R. PETERSEN, as Personal Representative of the Estate of James William Hart, deceased and DAVID HART,

  Plaintiffs-Counterdefendants-Appellants,

v.

MILLENNIAL DEVELOPMENT PARTNERS, LLC, a Utah limited liability company,

  Defendant-Counterclaimant-Respondent.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Boise, October 2024 Term

Opinion Filed: April 15, 2025

Melanie Gagnepain, Clerk

---

Appeal from the District Court of the Sixth Judicial District of the State of Idaho, Bannock County. Javier Gabiola, District Judge.

The decision of the district court is <u>affirmed</u>.

Nathaniel H. Wadsworth, Holden Kidwell Hahn & Crapo, PLLC, Idaho Falls, for Appellants. Nathan M. Olsen, of Olsen Taggart, PLLC, Idaho Falls argued.

Echo Hawk & Olsen, PLLC, Pocatello, for Respondent. Donald A. Sonnefeld argued.

---

BEVAN, Chief Justice.

This appeal concerns a dispute over attorney fees and costs between James and David Hart (Harts) and Millennial Development Partners, LLC (Millennial).[1] The district court struck the

---

[1] James and David Hart were the plaintiffs in the proceedings below. A Notice of Death of James Hart was filed with the Court noting that James Hart passed away on January 4, 2024. On January 25, 2024, the Court ordered that Jamie Hart-Millen, personal representative of the Estate of James Hart, be substituted as a party to this appeal in place of Appellant James Hart. At oral argument in this case, Millennial noted that Hart-Millen had been removed as the personal representative. This appeal was suspended for a substitution of party. On January 9, 2025, this Court ordered that Mark R. Peterson, the newly appointed personal representative of James Hart's estate, be substituted as a party

1

Harts' pleadings as a sanction for failing to follow the court's scheduling order and dismissed the case. The district court then awarded Millennial attorney fees as a sanction and because the Harts pursued the case unreasonably. The Harts appeal the award of attorney fees. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Harts and Millennial were engaged in a three-phase real estate transaction from 2016 to 2022. Millennial approached the Harts about purchasing real property in Bannock County and finalized an agreement in January 2017. The parties closed on Phases 1 and 2 of the agreement. In September 2021, prior to closing on Phase 3, the Harts filed a complaint that sought a declaratory judgment that all future purchases would be unenforceable.

The district court entered a scheduling order setting trial for July 12, 2022, with a backup date of October 11, 2022. Discovery was to be completed sixty days before trial. On June 7, 2022, about one month before trial, Millennial answered the Harts' complaint asserting eleven affirmative defenses and counterclaimed for declaratory relief. No other documents were filed.

On June 28, 2022, the court clerk sought a status update from counsel because trial was a few weeks away. Counsel for the Harts explained that he was unaware trial was set for July 12 and needed to amend the complaint because of an undisclosed conflict of interest with the Harts' previous counsel. The day before trial, the district court continued the trial to the backup date in October and scheduled a status conference for the next day.

At the status conference, the district court reprimanded both parties for failing to comply with the scheduling order and reminded them that sanctions may be imposed under Idaho Rule of Civil Procedure 16(e). The court ordered the Harts to file a motion and brief establishing good cause to amend or reset the pretrial deadlines in the scheduling order. Instead, the Harts moved to modify the scheduling order and filed two declarations and an amended complaint. The Harts did not provide any briefing in support of the motion to modify as the district court had ordered. On August 29, 2022, the district court heard arguments on the pending motions. According to Millennial, it withdrew its counterclaim at the hearing, but the record on appeal does not include a transcript of the hearing. Even so, "[w]ithout an adequate record, this Court presumes the omitted portion supports the lower court's decision." *Erickson v. Erickson*, 171 Idaho 352, 368–69, 521 P.3d 1089, 1105–06 (2022) (citing *Groveland Water & Sewer, Dist. v. City of Blackfoot*, 169 Idaho

and the case caption was amended accordingly. As a result, this case was taken under advisement as of January 9, 2025.

2

936, 942, 505 P.3d 722, 728 (2022)). The district court noted in a later ruling that Millennial's counterclaim was withdrawn, so we presume that to be the case.

On October 4, the district court denied the motion to modify the scheduling order, finding: (1) the Harts failed to show good cause or excusable neglect, and (2) Millennial had been prejudiced by the failure to comply with the scheduling order. As a sanction, the district court struck the Harts' pleadings and dismissed the case without prejudice. Millennial then moved for attorney fees on two bases: as a sanction for the Harts' failure to prosecute the case and under Idaho Code section 12-121.

On December 14, the district court issued its decision on attorney fees, awarding Millennial attorney fees on two grounds. First, to sanction the Harts for disobeying the court's scheduling order and its oral order for briefing on the motion to modify. Second, the district court awarded fees under Idaho Code section 12-121 because the court found that the Harts engaged in a clear pattern of delay causing prejudice to Millennial. The court then calculated the award by considering the factors of Idaho Rule of Civil Procedure 54(e)(3) and awarded Millennial $9,592.46 in attorney fees and costs. Judgment was entered on December 16, 2022.

On December 26, 2022, the Harts moved to reconsider the award of attorney fees. They claimed that the district court incorrectly applied Idaho Rule of Civil Procedure 37(d)(3) which concerns sanctions for violating a discovery order, failed to consider Millennial's own misconduct (the untimely filing of its answer and counterclaim), and prematurely applied Idaho Code section 12-121. The Harts cited *Peterson v. McCawley*, 135 Idaho 282, 16 P.3d 958 (Ct. App. 2000), arguing, based thereon, that a dismissal sanction was inequitable when both parties failed to comply with a scheduling order. Harts also argued that it was improper to conclude that Millennial was the prevailing party because Millennial's counterclaim was still pending. In the Harts' view, because no final judgment had been entered by the court, it could not determine whether either party had prevailed.

On February 21, 2023, the district court entered a decision granting the Harts' motion in part and denying it in part. The court recognized that it cited the incorrect rule of civil procedure in its decision on attorney fees. The court clarified that it sanctioned the Harts pursuant to Idaho Rule of Civil procedure 16(e), not Rule 37(d)(3). Then, the court determined *Peterson* did not apply because Millennial withdrew its late counterclaim. Finally, the court determined that Idaho Code section 12-121 applied because the Harts did not pursue the case reasonably. Thus, the

decision and order regarding the motion to reconsider did not materially alter the original judgment. The second amended judgment was entered on March 21, 2023. This judgment also stated that Millennial's counterclaim was dismissed without prejudice. The Harts filed their notice of appeal on May 2, 2023.

## II. ISSUES ON APPEAL

**1.** Whether the Harts' appeal is timely?

**2.** Whether the district court erred in awarding Millennial costs and attorney fees as a sanction under Idaho Rule of Civil Procedure 16(e)?

**3.** Whether the district court erred in awarding Millennial attorney fees under Idaho Code section 12-121?

**4.** Whether the district court erred in its calculation of attorney fees?

**5.** Whether either party is entitled to attorney fees on appeal?

## III. STANDARDS OF REVIEW

The imposition of sanctions for violating a scheduling order is a matter of discretion for the district court. *Lands v. Sunset Manor, LP*, 173 Idaho 584, ___, 546 P.3d 670, 677 (2024). Similarly, "the awarding of attorney fees and costs is within the discretion of the district court and is subject to the abuse of discretion standard of review." *Breckenridge Prop. Fund 2016, LLC v. Wally Enters., Inc.*, 170 Idaho 649, 662, 516 P.3d 73, 86 (2022) (citing *Idaho Transp. Dep't. v. Ascorp, Inc.*, 159 Idaho 138, 140, 357 P.3d 863, 865 (2015)). Finally, the district court's calculation of reasonable attorney fees is reviewed for abuse of discretion. *Lee v. Nickerson*, 146 Idaho 5, 10, 189 P.3d 467, 472 (2008) (citing *Parsons v. Mut. of Enumclaw Ins. Co.*, 143 Idaho 743, 747, 152 P.3d 614, 618 (2007)).

This Court applies a four-part test to determine whether a district court abused its discretion: whether the court (1) correctly perceived the issue as discretionary; (2) acted within the outer boundaries of its discretion; (3) acted consistently with the legal standards applicable to the specific choices available to it; and (4) reached its decision by the exercise of reason. *Breckenridge Prop. Fund 2016, LLC*, 170 Idaho at 662, 516 P.3d at 86 (citing *Lunneborg v. My Fun Life*, 163 Idaho 856, 868, 421 P.3d 187, 199 (2018)). When reviewing a district court's discretionary decision, "'it is important that a reviewing court evaluate the trial court's decision from its perspective when it had to rule' rather than 'indulge in review by hindsight.'" *Gilbert v. Radnovich*, 171 Idaho 566, 573, 524 P.3d 397, 404 (2023) (brackets omitted) (quoting *United States v. Tsarnaev*, 595 U.S. 302, 321 (2022)).

4

**IV. ANALYSIS**

**A.      The Harts' appeal is timely.**

Before reaching the merits of the parties' arguments, we must address a challenge to our jurisdiction over this appeal. "A timely appeal is necessary to vest jurisdiction in this Court[.]" *Dunlap v. Cassia Mem'l Hosp. Med. Ctr.*, 134 Idaho 233, 235, 999 P.2d 888, 890 (2000). According to Millennial, this appeal is untimely because final judgment was entered on December 16, 2022. Thus, the Harts' notice of appeal, filed in May 2023, fell outside the forty-two-day window as provided by Idaho Appellate Rule 14(a). Millennial also argues that even if the Harts' motion to reconsider terminated the time to appeal, the appeal period began on the date of the order on the motion rather than on entry of the second amended judgment in March 2023. The Harts argue that their present appeal is timely because Millennial's counterclaim was still pending before the district court so the December judgment was not final.

A judgment is final if it is a partial judgment that has been certified as final or if it resolves all claims for relief, except costs and fees, between the parties. I.R.C.P. 54(a)(1). Idaho Appellate Rule 14 provides that an appeal of right from a district court must be made within forty-two days from the date of judgment or order. I.A.R. 14(a). The time for filing an appeal is terminated upon "filing of a timely motion which, if granted, could affect any findings of fact, conclusions of law, or any judgment in the action except . . . motions regarding costs or attorney fees[.]" *Id.* When the time to appeal is terminated, it begins to run again upon the date of the order deciding the motion. *Id.*; *see also Evans v. Wright*, ___ Idaho ___, 554 P.3d 591, 597 (2024) (stating the time to appeal restarts when a motion to reconsider is decided). Failure to file within the forty-two day window will result in the dismissal of the appeal. I.A.R. 21. "The timely filing of a notice of appeal is jurisdictional." *Carter Dental, P.A. v. Carter*, 173 Idaho 984, ___, 551 P.3d 1225, 1232 (2024) (quoting *T.J.T., Inc v. Mori*, 148 Idaho 825, 826, 230 P.3d 435, 436 (2010)).

We hold that the Harts' appeal is timely. The first judgment did not dispose of Millennial's counterclaim. The second amended judgment filed in March 2023 is the only judgment that clearly dismissed both the Harts' complaint and Millennial's counterclaim. *Cf. Watson v. Weick*, 141 Idaho 500, 505, 112 P.3d 788, 793 (2005) (order simply granting motion for summary judgment does not constitute a judgment). There is no record of Millennial's withdrawn counterclaim until the second amended judgment. The district court did note in its decision on the motion to reconsider that Millennial withdrew its counterclaim prior to the decision on attorney fees. But the

5

record lacks evidence that Millennial's withdrawal was accepted by the district court until the second amended judgment. When the appellate record is incomplete, this Court will generally uphold the district court's action. *See Erickson* 171 Idaho at 368–69, 521 P.3d at 1105–06. Accordingly, the second amended judgment entered on March 13, 2023, resolved all claims for relief between the parties and established the date from which the time to appeal began to run. Therefore, the Harts' appeal is timely and we turn to the merits.

**B.** **The district court did not err by sanctioning the Harts under Idaho Rule of Civil Procedure 16(e).**

The district court awarded Millennial attorney fees as a sanction for the Harts' failure to follow the court's scheduling order. The Harts argue this was an abuse of discretion because the court failed to: balance the equities between the parties, consider lesser sanctions, and consider Millennial's own late filings. Additionally, the Harts assert that their conduct did not violate the court's scheduling order.

Idaho Rule of Civil Procedure 16(e) provides that a district court may sanction a party for failing to follow the court's scheduling or pretrial order. I.R.C.P. 16(e)(1)(a). The court is permitted to "make such orders as are just, and may, along with any other sanction, make any of the orders allowed under Rule 37(b)(2)(A)." I.R.C.P. 16(e)(2). Rule 37(b)(2)(A) authorizes the court to, among other things "(iii) strik[e] pleadings in whole or in part" and "dismiss[ ] the action or proceeding in whole or in part." Along with these sanctions, the court "must order the disobedient party . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." I.R.C.P. 37(b)(2)(C). Thus, the district court's authority to sanction a party for failing to comply with a scheduling order stems from Rule 16. Rule 37 simply provides the range of permissible sanctions. When sanctioning a party, the court must (1) balance the equities between the disobedient party and the innocent party, and (2) consider whether lesser sanctions would be effective. *Erickson v. Erickson*, 171 Idaho at 362, 521 P.3d at 1099.

The Harts rely on *Peterson v. McCawley*, 135 Idaho 282, 16 P.3d 958 (Ct. App. 2000), and *Erickson v. Erickson*, to argue that the district court failed to act consistently with applicable legal standards by disregarding Millennial's own non-compliance with the scheduling order. In *Peterson*, the Court of Appeals reversed a sanction of dismissal because the district court appeared to have pre-determined that it would dismiss the case without conducting a fact specific inquiry of

6

aggravating factors and prejudice to the other side. 135 Idaho at 285, 16 P.3d at 961. Additionally, the Court of Appeals faulted the district court for imposing the ultimate sanction on one disobedient party, resulting in a windfall to the other disobedient party. *Id.* In *Erickson*, this Court considered the relative fault of both parties in a divorce proceeding where the husband's failure to comply with discovery requests caused the wife's noncompliance. 171 Idaho at 362–63, 521 P.3d at 1099–1100. Thus, one party's noncompliance caused by an adverse party's noncompliance is a relevant inquiry when determining the equity of a sanction. *Id.*

Here, the district court recognized that its decision was a matter of discretion. I.R.C.P. 16(e), 37(b)(2)(C). Unlike *Peterson*, the district court did not impose severe sanctions without considering the conduct of the parties. It considered what it called the Harts' "intentional and deliberate failure" to follow the court's order setting scheduling deadlines. Additionally, the district court admonished *both* parties at the status conference for failing to comply with the court's scheduling order. Finally, and perhaps most importantly, the court considered the Harts' failure to follow its *oral* order regarding their motion to modify the scheduling order. At the status conference, the district court instructed the Harts to file a motion and brief establishing good cause to amend the scheduling order to align with the alternate trial date. Instead, the Harts chose their own path and failed to "address the Motion to Modify the Scheduling Order specifically." Unlike *Erickson*, the Harts' noncompliance with this oral order was of their own making; their noncompliance was not caused by Millennial. As a sanction, the district court struck the Harts' pleadings in their entirety.

Millennial argued that if the district court sanctioned the Harts by dismissing their pleadings, then it should also award attorney fees. The district court agreed because "the [Harts] failed to obey the briefing schedule and [oral] order of the Court regarding the Plaintiffs' own Motion to Modify." We will not second guess that decision under the abuse of discretion standard of review. *See Gilbert v. Radnovich*, 171 Idaho 566, 572–573, 524 P.3d 397, 403–04 (2023) (noting that a district court's imposition of sanctions is "ordinarily influenced" by many factors incapable of being fully captured in the record); *see also Nick v. Morgan's Foods, Inc.*, 270 F.3d 590, 595–96 (8th Cir. 2001) (affirming monetary sanction when, among other things, defendant failed to provide a court-ordered pre-mediation memorandum). Accordingly, the district court did not abuse its discretion by sanctioning the Harts with an award of attorney fees.

7

**C.** **The district court did not abuse its discretion in awarding Millennial attorney fees under Idaho Code section 12-121.**

The district court awarded attorney fees on alternate grounds under Idaho Code section 12-121 which authorizes a discretionary award of attorney fees if the court finds the case was "brought, pursued or defended frivolously, unreasonably or without foundation." The district court found Millennial was the prevailing party and relied on *Charney v. Charney* where we held that a party could be found to be the prevailing party even when a case is dismissed without prejudice. 159 Idaho 62, 65, 356 P.3d, 355, 358 (2015). The Harts argue that Millennial's counterclaim was still pending; therefore, it was too early to determine who prevailed and that the district court did not adequately set forth its findings to support the award under section 12-121.

A district court's determination of which party prevailed is reviewed for abuse of discretion. *Millard v. Talburt*, ___ Idaho ___, 544 P.3d 748, 762 (2024) (quoting *Smith v. Mitton*, 140 Idaho 893, 897, 104 P.3d 367, 371 (2004)). "Only in rare cases has this Court or the Court of Appeals reversed a trial court's determination of which party prevailed." *Green River Ranches, LLC v. Silva Land Co., LLC*, 162 Idaho 184, 188, 395 P.3d 804, 808 (2017) (quoting *Crump v. Bromley*, 148 Idaho 172, 173, 219 P.3d 1188, 1189 (2009)). Because the district court dismissed Harts' complaint, we affirm its determination that Millennial prevailed in the action.

"Apportionment of attorney fees [under Idaho Code section 12-121] is appropriate for those elements of the case that were frivolous, unreasonable, and without foundation" even if other legitimate issues are raised. *See Millard v. Talburt*, ___ Idaho ___, ___, 544 P.3d 748, 762 (2024).

The Harts claim the district court did not adequately set forth its reasoning to justify the award of attorney fees under Idaho Code section 12-121. It is axiomatic that an award of attorney fees "must be supported by findings, and those findings, in turn, must be supported by the record." *Berglund v. Dix*, 170 Idaho 378, 390, 511 P.3d 260, 272 (2022) (citation omitted). Here, the district court's findings were limited, but its findings nevertheless support its conclusion that the case was pursued unreasonably. The court "thorough[ly] review[ed] the record and oral and written arguments by the parties" and found the Harts engaged in a pattern of delay causing prejudice to Millennial. Having done so, we cannot say that the court abused its discretion – particularly where it awarded attorney fees on alternate grounds – Rules 16 and 37 – and we have affirmed its exercise of discretion in that regard. We thus affirm the trial court's award of attorney fees under Idaho Code section 12-121.

**D.      The district court did not err in its calculation of attorney fees.**

Having determined that attorney fees were proper as a sanction under Idaho Rule of Civil Procedure 16(e) and under Idaho Code section 12-121, we now turn to the amount awarded by the district court. Rule 16(e)(2) guides our analysis. That provision reads:

> The court may make such orders as are just, and may, along with any other sanction, make any of the orders allowed under Rule 37(b)(2)(A). Also, in addition to or in the place of any other sanction, the court must require the party or the party's attorney, or both, pay any expenses incurred because of noncompliance with this rule, including attorney's fees, unless the court finds noncompliance was substantially justified or that circumstance are such that such an award of expenses would be unjust.

The Harts argue that the district court improperly awarded Millennial $5,414.50 in fees incurred for drafting its own late filed counterclaim. They maintain that sanctions of attorney fees are limited to fees incurred because of noncompliance with the court order. Millennial contends that the award was appropriate as a sanction.

"When awarding attorney's fees, a district court must consider the applicable factors set forth in I.R.C.P. 54(e)(3) *and may consider any other factor that the court deems appropriate.*" *616 Inc. v. Mae Properties, LLC*, 171 Idaho 610, 625, 524 P.3d 889, 904 (2023) (emphasis in original) (citing *Parsons v. Mut. of Enumclaw Ins. Co.*, 143 Idaho 743, 747, 152 P.3d 614, 618 (2007)). "Courts need not address every factor under Rule 54(e)(3) in writing, but it must appear that there is a reasoned application of those factors in the trial court's decision on the amount of attorney fees to be awarded." *Id.* (internal quotations and citations omitted).

We note that Rule 16 provides for great discretion in determining the amount of attorney fees to be awarded. *See* I.R.C.P. 16(e)(2) ("in addition to or in the place of any other sanction, the court must require the party or the party's attorney, or both, pay any expenses incurred because of noncompliance . . . ."). Rule 16 does not limit the award of attorney fees to those caused by noncompliance. Rather, the award is *mandatory* for fees incurred due to the adverse party's noncompliance unless the court finds the noncompliance was substantially justified or the award of fees would be unjust. The district court is given discretion to impose additional sanctions alongside this mandatory award.

The district court noted that it "carefully reviewed all of the factors identified in Rule 54(e)(3) and determine[d] that the sum requested by [Millennial] [wa]s reasonable to a point; however, [the amount sought was] unreasonable in a few ways." It then reduced the award from

the $15,846 requested to $9,058.81 to account for "legal research and notes, conferences between staff and client, and phone calls with Defendant." Further, the district court's reduction of fees was greater than those fees incurred while Millennial drafted its own counterclaim. Considering our standard of review requires us to review the award for an abuse of discretion, we affirm the calculation of attorney fees. The district court made a reasoned application of the Rule 54(e)(3) factors. The burden is on the Harts to demonstrate the district court's misapplication of one of these factors. *Hurtado v. Land O'Lakes, Inc.*, 153 Idaho 13, 17, 278 P.3d 415, 419 (2012). They have not met that burden. As a result, we affirm the calculation of attorney fees awarded to Millennial.

**E.      Millennial is awarded attorney fees on appeal.**

Both parties seek attorney fees on appeal. The Harts claim fees under Idaho Code section 12-121. Millennial claims fees on appeal under Idaho Code sections 12-120(3) and 12-121 and also based on the purchase and sale agreement which gave rise to this dispute.  Idaho Code section 12-120(3) allows the court to award reasonable attorney fees in civil actions involving any commercial transactions, including on appeal. *Safaris Unlimited, LLC v. Sligar*, 174 Idaho 239, 552 P.3d 1183, 1197 (2024); *Agrisource, Inc. v. Johnson*, 156 Idaho 903, 915, 332 P.3d 815, 827 (2014). "Commercial transaction" is defined as "all transactions except transactions for personal or household purposes." I.C. § 12-120(3). This case involves a commercial transaction within the meaning of Idaho Code section 12-120(3) because it is based on a purchase and sale of real property that is not for personal or household purposes. Accordingly, we award Millennial attorney fees under this statute as the prevailing party on appeal.

## V. CONCLUSION

We affirm the district court's order awarding attorney fees under I.R.C.P. 16(e) and Idaho Code section 12-121. We award costs to Millennial as the prevailing party on appeal pursuant to I.A.R. 40. We award attorney fees to Millennial under I.A.R. 41, and Idaho Code section 12-120(3).

Justices BRODY, MOELLER, ZAHN, and MEYER CONCUR.