# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 52215

<table>
<tr><td>

STEVEN SMITH,

    Plaintiff-Appellant,

and

DAWN STEINMETZ,

    Plaintiff,

v.

COREY BARTON HOMES, INC., an Idaho corporation; CORAM DEO, LLC, dba CTR CLEANUP AND TOTAL RESTORATION, an Idaho limited liability company; and JOHN/JANE DOES 1-10,

    Defendants-Respondents.

</td><td>

Filed:  August 4, 2025

Melanie Gagnepain, Clerk

THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY

</td></tr>
</table>

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County.  Hon. Gene Petty, District Judge.

Judgment dismissing complaint, <u>affirmed</u>.

Steven Smith, Caldwell, pro se appellant.

Hawley Troxell Ennis & Hawley LLP; Kenneth C. Shumard, Boise, for respondents.

---

GRATTON, Chief Judge

    Steven Smith appeals from the judgment of the district court dismissing his complaint. Smith contends that the district court committed reversible error in conducting a scheduling conference without his attendance.  We affirm.

1

# I.

## FACTUAL AND PROCEDURL BACKGROUND

Smith and co-plaintiff, Dawn Steinmetz, filed a complaint through counsel, which generally asserted claims related to alleged construction defects and subsequent personal injuries allegedly suffered by both plaintiffs, against Corey Barton Homes, Inc. and Coram Deo, LLC (collectively "defendants"). The district court issued an order governing proceedings. Shortly thereafter, Smith killed Steinmetz and was incarcerated in the Canyon County jail. Smith's counsel was permitted to withdraw. Steinmetz's claims were dismissed pursuant to stipulation between defendants and Steinmetz's estate.

The district court issued a notice of remote hearing for a scheduling conference to be conducted on September 8, 2023. The conference was held in Smith's absence, and a pretrial scheduling order was issued by the district court. Thereafter, Smith filed motions to disqualify the presiding judge and another district judge which were denied. Defendants moved for summary judgment on May 16, 2024. A hearing on the motion was held on June 13, 2024, and Smith filed his own motion for summary judgment on that day. On July 11, 2024, a hearing was held and Smith withdrew his motion for summary judgment, and the district court granted the defendants' motion to strike. Smith attended both the June 13 and July 11 hearings. The district court granted defendants' motion for summary judgment and entered judgment on July 18, 2024. Smith appeals.

# II.

## STANDARD OF REVIEW

The Idaho Rules of Civil Procedure allow trial courts discretion in fashioning pretrial orders to efficiently manage cases. *Fish Haven Resort, Inc. v. Arnold*, 121 Idaho 118, 121, 822 P.2d 1015, 1018 (Ct. App. 1991). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *Lunneborg v. My Fun Life*, 163 Idaho 856, 863, 421 P.3d 187, 194 (2018).

## III.

## ANALYSIS

The sole issue raised by Smith is that the district court erred in conducting the September 8, 2023, status conference hearing without his attendance. Smith contends that the district court was aware that he was in the Canyon County jail, that he submitted paperwork to the jail for transportation, and that conducting the hearing in his absence violated his rights in presenting his case and contributed to the defendants winning judgment against him.

As an initial matter, we noted that pro se litigants are held to the same standard as those litigants represented by counsel. *Michalk v. Michalk*, 148 Idaho 224, 229, 220 P.3d 580, 585 (2009). Pro se litigants are not excused from abiding by procedural rules simply because they are appearing pro se and may not be aware of the applicable rules. *Id*. One such rule provides that an appellant's brief must articulate the appropriate standard of review because an appellant must address the matters this Court considers when evaluating a claim put forth by an appellant on appeal. *Cummings v. Stephens*, 160 Idaho 847, 853, 380 P.3d 168, 174 (2016). Failure to identify and apply the correct standard of review may result in the waiver of claims on appeal. *Id*. Smith does not include a standard of review in his appellant's brief and has, therefore, waived his claims.

A party waives an issue on appeal if either argument or authority is lacking. *Powell v. Sellers*, 130 Idaho 122, 128, 937 P.2d 434, 440 (Ct. App. 1997). In Smith's appellate brief, he cites only to a federal statute and a United States Supreme Court opinion which have no relevance to the issue raised on appeal. Indeed, the case Smith cites deals with disqualification, an issue that Smith discusses extensively in his briefing, but did not state as an issue in his statement of issues. The failure of an appellant to include an issue in the statement of issues required by Idaho Appellate Rule 35(a)(4) will eliminate consideration of the issue from appeal. *Kugler v. Drown*, 119 Idaho 687, 691, 809 P.2d 1166, 1170 (Ct. App. 1991).

Smith fails to cite to the record and transcript in the argument section of his brief. Appellate courts will not search the record for error. We do not presume error on appeal; the party alleging error has the burden of showing it in the record. *Dep't of Fin., Sec. Bureau v. Zarinegar*, 167 Idaho 611, 627, 474 P.3d 683, 699 (2020).

Finally, Smith fails to show any error on the part of the district court. He has not demonstrated that the district court had any duty to ensure his attendance at the scheduling conference of which Smith admits he was aware. Moreover, Smith has failed to show any

3

prejudice from the fact that he did not attend the scheduling conference. Smith participated in numerous proceedings after the scheduling conference at issue. "At every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights." I.R.C.P. 61. Because an appellant can only prevail if the claimed error affected a substantial right, the appellant must present some argument that a substantial right was implicated. *IDHW v. Jane Doe* (2024-04), 174 Idaho 401, 422, 555 P.3d 1091, 1112 (2024). The appellant has the burden of demonstrating that prejudicial error occurred. *Leliefeld v. Johnson*, 104 Idaho 357, 369, 659 P.2d 111, 123 (1983). Smith has waived his arguments on appeal and, nonetheless, has failed to show any error affecting his substantial rights.

## IV.
## CONCLUSION

Smith has waived his claims on appeal. Therefore, the judgment of the district court dismissing Smith's complaint is affirmed.

Judge HUSKEY and Judge TRIBE **CONCUR**.