# IN THE SUPREME COURT OF THE STATE OF IDAHO
## Docket No. 49139

ROY GILBERT, an individual; RESILIENT
TRANSPORT, LLC, an Idaho Limited
Liability Company; and RESILIENT
TRANSPORTATION AND LEASING, LLC,
an Idaho Limited Liability Company,

      Plaintiffs-Respondents,

and

WILLIAM MITCHELL,

      Real Party in Interest-Respondent,

vs.

RICHARD GERALD RADNOVICH,
In his individual capacity; INJURY CARE
EMERGENCY MEDICAL SERVICES, P.C.,
an Idaho Professional Company; INJURY
CARE EMS, LLC, supposed judicial entity
and an Alter Ago of Richard Gerald
Radnovich

      Defendants-Appellants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Boise, November 2022 Term

Opinion filed: February 2, 2023

Melanie Gagnepain, Clerk

---

Appeal from the District Court of the Fourth Judicial District of the State of Idaho, Ada County. Peter G. Barton, District Judge.

The district court's judgment is <u>affirmed</u>

Law Office of Howard A. Belodoff, PLLC, Boise, attorney for Appellants. Howard Belodoff argued.

Points Law, PLLC, Boise, attorney for Respondent-Real Party in Interest. Michelle Points argued.

_____

BEVAN, Chief Justice.

This appeal arises from the district court's decision denying a motion for sanctions and attorney fees against Roy Gilbert's former attorney, William Mitchell, under Idaho Rule of Civil

Procedure 11(b) and Idaho Code section 12-123(1). Mitchell filed the initial and amended complaint on behalf of Gilbert against Richard Radnovich in litigation underlying this appeal. Later in the proceedings, a second attorney substituted for Mitchell and soon after, both sides stipulated to dismiss the case with prejudice. A few weeks later, Radnovich filed a motion for sanctions and attorney fees against Mitchell. The district court denied the motion. Radnovich timely appealed, arguing the district court abused its discretion in denying sanctions and attorney fees against Mitchell. For the reasons below, we affirm the district court's decision.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This appeal stems from a dispute over a medical transport business and the business relationship between Gilbert and Radnovich. Gilbert was the sole member of two LLCs: Resilient Transportation Leasing, LLC, and Resilient Transport LLC. According to Gilbert's complaint, Radnovich was allegedly the owner of two business entities: Injury Care Emergency Medical Services (ICEMS) LLC and a business called "Injury Care EMS," as well as other entities not at issue in this appeal. On November 1, 2017, Gilbert executed an agreement purporting to sell Resilient Transport, LLC, to an LLC called Injury Care EMS, LLC. According to Gilbert, Injury Care EMS, LLC, was never formed. Gilbert alleged that this "fictitious" LLC was an alter ego of Radnovich. The parties signed a supplement to the agreement on May 18, 2018, which amended the business name for ICEMS, LLC to ICEMS, P.C, and clarified that Resilient Transport, LLC, would be subsumed by ICEMS, P.C. into another fictitious business called "Resilient Transport Operated by Injury Care EMS," and that Resilient Transport, LLC would later be dissolved.

On August 25, 2018, following a breakdown in both the agreement and the relationship, Gilbert filed a verified complaint and demand for a jury trial against Radnovich. The complaint also listed ICEMS and Injury Care EMS, LLC, as "a supposed judicial entity" and an "alter ego" of Radnovich, as defendants. The complaint asserted eight causes of action: (1) breach of contract, (2) anticipatory breach, (3) disregard of the corporate entities, (4) misrepresentation, (5) fraud in the inducement, (6) breach of fiduciary duty–business dealing, (7) breach of fiduciary duty–bailments, and (8) unjust enrichment. Mitchell filed the complaint on behalf of Gilbert.

Less than a month later, Radnovich moved to dismiss the complaint under Idaho Rules of

2

Civil Procedure 12(b)(1) and (h)(3)[1], arguing that Gilbert was not the proper party to bring the claim and, thus, the district court lacked subject matter jurisdiction. Without responding to the motion to dismiss, and before the district court heard oral arguments, Gilbert filed an amended complaint adding two more entities as plaintiffs—Resilient Transport, LLC, and Resilient Transport Leasing, LLC. Shortly thereafter, the district court heard arguments from the parties on the motion to dismiss, and Radnovich did not object to the amended complaint, but argued the amended complaint should be dismissed for lack of subject matter jurisdiction because it was so vague that plaintiffs had not clearly established standing. The district court denied the motion, explaining: "Defendants argue that the First Amended Complaint is so vague and unclear that they are not on notice of how to defend. Defendants argue the First Amended Complaint, even if true, does not make them the ones who are liable to Plaintiffs. Those are arguments for another day."

Soon after, Radnovich filed a second motion to dismiss. In this motion, Radnovich argued Gilbert's "complaint"[2] should be dismissed under Idaho Rules of Civil Procedure 9(b) and 12(b)(6) for failure to plead misrepresentation and fraud with particularity and for failure to state a claim upon which relief could be granted. After Radnovich filed the second motion to dismiss and memorandum in support, Mitchell filed a notice of substitution of counsel on January 9, 2019—substituting Jennifer Hearne as counsel for all appellants. Thus, Mitchell represented the plaintiffs for approximately 138 days in the litigation, while Ms. Hearne represented them for over two years (817 days).

On March 25, 2019, the district court granted Radnovich's second motion to dismiss, in part, dismissing Gilbert's claims for misrepresentation, fraud in the inducement, breach of fiduciary duty, and bailment. On April 9, 2019, Radnovich answered the amended complaint and asserted affirmative defenses and a counterclaim. On December 12, 2019, Radnovich moved for summary judgment. That motion is not in the record. Even so, the district court found in a February 2020 order on summary judgment (which is part of the record) that Gilbert and his entities lacked

---

[1] Radnovich moved to dismiss under Idaho Rule of Civil Procedure 12(b)(1) and (g)(3), however subpart (g) of the rules does not contain a subsection (3). Therefore, we presume that Radnovich intended to dismiss under Idaho Rules of Civil Procedure 12(b)(1) and (h)(3).

[2] Radnovich's motion sought "to dismiss Plaintiff's Complaint . . . ." The amended complaint was of record by then, and the district court treated the motion as against the allegations in the amended complaint. *See Weinstein v. Prudential Property and Cas. Ins. Co.*, 149 Idaho 299, 330, 233 P.3d 1221, 1252 (2010) (quoting *W.L. Scott, Inc. v. Madras Aerotech, Inc.*, 103 Idaho 736, 739, 653 P.2d 791, 794 (1982)) ("The amendment of the complaint supersedes the original complaint and all subsequent proceedings are based upon the amended complaint.").

standing to bring the breach of contract and anticipatory breach claims on behalf of the non-existent entities. As such, Radnovich and ICEMS were dismissed as parties from the amended complaint. The court also dismissed the claims for disregard of corporate entities (alter ego) and unjust enrichment against a non-entity on the same basis. Contractual claims against ICEMS, LLC, were also dismissed. Summary judgment on the unjust enrichment claim was granted in part, based on amounts the parties agreed ICEMS PC had paid Gilbert. Summary judgment was denied on the claims for failure to mitigate damages, breach of the restrictive covenant, anticipatory breach, and unjust enrichment for amounts allegedly never paid by ICEMS PC.

In April 2021, Gilbert's new attorney stipulated with Radnovich's counsel to dismiss the case with prejudice. Under the stipulation, the parties agreed the dismissal had "no effect on Defendant's right to pursue an award of attorney fees and costs against William G. Mitchell, Plaintiff's former attorney who filed the Complaint in this action."

Soon after, Radnovich moved for sanctions and attorney fees and costs under Idaho Rule of Civil Procedure 11(b) and Idaho Code section 12-123(1) against Mitchell. Radnovich filed a memorandum supporting the motion, explaining that Mitchell signed the original complaint against Radnovich without making a reasonable inquiry into whether the claims were warranted by existing law or whether the factual contentions had evidentiary support. The memorandum alleged that Mitchell's complaint was brought for the improper purpose of harassment and to maliciously injure and damage Radnovich's reputation and business. The memorandum claimed Mitchell failed to conduct minimal legal research or make a reasonable inquiry into the facts before filing the amended complaint.

On August 2, 2021, the district court entered its order denying the motion for sanctions and attorney fees and costs. The district court concluded, in its discretion, that Mitchell's conduct did not give rise to sanctions under Rule 11(b) nor did his conduct warrant an award of attorney fees and costs under Idaho Code section 12-123. Radnovich timely appealed to this Court.

## II. ISSUES ON APPEAL

1. Whether Mitchell failed to conduct a reasonable inquiry into the facts before certifying misrepresentation, fraud in the inducement, breach of fiduciary duty—business dealing, and breach of fiduciary duty—bailments were warranted under Idaho law?

2. Whether Mitchell failed to conduct a reasonable inquiry of Resilient Transport, LLC's standing before signing and filing an amended complaint on its behalf and certifying the claims were warranted under Idaho law?

4

**3.** Whether Mitchell failed to conduct a reasonable inquiry before certifying the fictitious business's claim was warranted under Idaho law?

**4.** Whether Mitchell failed to conduct a reasonable inquiry before certifying Radnovich was a proper party, and the alter ego claim was warranted under Idaho law?

**5.** Whether Mitchell failed to conduct a reasonable inquiry before certifying Gilbert was the "personal guarantor" of Resilient Transport, LLC's loans?

**6.** Whether Mitchell failed to conduct a reasonable inquiry before certifying Gilbert was constructively discharged?

**7.** Whether Mitchell's request for a criminal investigation and prosecution related to the civil action was done with an intent to harass and maliciously injury Radnovich?

**8.** Whether either party is entitled to attorney fees and costs on appeal?

### III. STANDARD OF REVIEW

"The standard of review for an appellate court reviewing a trial court's imposition of sanctions pursuant to I.R.C.P. 11 is one of abuse of discretion." *Campbell v. Kildew*, 141 Idaho 640, 649–50, 115 P.3d 731, 740–41 (2005). This Court also uses an abuse of discretion standard to review a district court's decision to award attorney's fees. *Knudsen v. J.R. Simplot Co.,* 168 Idaho 256, 265, 483 P.3d 313, 322 (2021) (citing *Med. Recovery Servs., LLC v. Lopez*, 163 Idaho 281, 282, 411 P.3d 1182, 1183 (2018)).

> When this Court reviews an alleged abuse of discretion by a trial court the sequence of inquiry requires consideration of four essentials. Whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the outer boundaries of its discretion; (3) acted consistently with the legal standards applicable to the specific choices available to it; and (4) reached its decision by the exercise of reason.

*Lunneborg v. My Fun Life*, 163 Idaho 856, 863, 421 P.3d 187, 194 (2018).

### IV. ANALYSIS

Radnovich's appeal involves the district court's decision to deny both sanctions under Idaho Rule of Civil Procedure 11(b) and attorney fees under Idaho Code section 12-123(1). Under Rule 11(b) an attorney who presents: "to the court a pleading, written motion, or other paper, whether by signing, filing, submitting, or later advocating it, . . . certifies that to the best of the person's knowledge, information, and belief formed after an inquiry reasonable under the circumstances:

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery. . . ."

I.R.C.P. 11(b)(1)–(3).

Under Idaho Code section 12-123(1):

(a) "Conduct" means filing a civil action, asserting a claim, defense, or other position in connection with a civil action, or taking any other action in connection with a civil action.

(b) "Frivolous conduct" means conduct of a party to a civil action or of his counsel of record that satisfies either of the following:

(i) It obviously serves merely to harass or maliciously injure another party to the civil action;

(ii) It is not supported in fact or warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law.

I.C. § 12-123(1)(a)–(b).

While Radnovich first argues broadly that the district court abused its discretion by not focusing on whether Mitchell conducted a reasonable inquiry before filing the amended complaint, we will consider this argument in the context of Radnovich's argument as it pertains to each claim in the complaint.

**A.        The Abuse of Discretion Standard.**

To begin, we note that Radnovich asks this Court to essentially examine Mitchell's conduct de novo, rather than by determining whether the district court abused its discretion. Even though Radnovich cites the seminal case in this arena, *Lunneborg v. My Fun Life*, 163 Idaho 856, 864, 421 P.3d 187, 195 (2018), for the abuse of discretion standard, he then argues solely the misapplication of the law prong of that standard to try to show an abuse of discretion here. While the *law* as stated in Rule 11 and in section 12-123 provides framework for analyzing when sanctions and attorney fees are authorized, the *factual inquiries* required in determining whether sanctions *should* be awarded are also a core part of the inquiry. This Court will not undertake a de novo legal review of Mitchell's conduct under the guise of the legal prong of the standard of review equation. That would amount to this Court simply second guessing the trial court's discretionary

decisions. Indeed, when reviewing these questions, "'[i]t is important that a reviewing court evaluate the trial court's decision from its perspective when it had to rule' rather than 'indulge in review by hindsight.'" *United States v. Tsarnaev*, 142 S. Ct. 1024, 1039 (2022) (quoting *Old Chief v. United States*, 519 U.S. 172, 182, n. 6 (1997)). We have repeatedly explained that the decision to award sanctions and attorney fees is within the sound discretion of the trial court. *See, e.g.*, *Flying A Ranch, Inc. v. Bd. of Cnty. Com'rs for Fremont Cnty.*, 156 Idaho 449, 454, 328 P.3d 429, 434 (2014) ("The standard of review for an appellate court reviewing a trial court's imposition of sanctions pursuant to I.R.C.P. 11 is one of abuse of discretion."); *Jim & Maryann Plane Fam. Tr. v. Skinner*, 157 Idaho 927, 342 P.3d 639, 647 (2015) ("An award of attorney fees under Idaho Code section 12–121 is discretionary."). "That is so because a trial 'judge's appraisal is ordinarily influenced by a host of factors impossible to capture fully in the record[.]'" *Tsarnaev*, 142 S. Ct. at 1034 (quoting *Skilling v. United States*, 561 U.S. 358, 386 (2010)). Those factors, specific to the *facts* of each case, include considering the attorney's credibility in signing a complaint and evaluating whether an attorney's prefiling inquiry was reasonable based on all circumstances. These are factual determinations left to the discretion of the trial court who has a front-row seat to the alleged misconduct for which sanctions are sought. And "[t]hat discretion does not vanish" because the trial judge reaches a decision the parties disagree with. *Id.* at 1034.

Indeed, when this Court initially determined an abuse of discretion standard of review is appropriate in cases like the one before us, we rejected a de novo standard outright, adopting the abuse of discretion standard cited above. This Court explained that an abuse of discretion standard fits these cases because trial courts are in the prime position to make such decisions, making "the factual determinations that . . . rule [11] requires. . . ." Trial judges are imminently more "[f]amiliar with the issues and litigants" than are those of us sitting in an appellate capacity. *Sun Valley Shopping Ctr., Inc. v. Idaho Power Co.*, 119 Idaho 87, 94, 803 P.2d 993, 1000 (1991) (quoting *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 402 (1990)). Thus, as we explained, "the district court is better situated than the court of appeals to marshall [sic] the pertinent facts and apply the fact-dependent legal standard mandated by Rule 11." *Id.*

Thus, the relevant inquiry for this Court is not whether we would have made a different decision than the district court based on the latitude of Rule 11 or section 12-123. Instead, the question is whether the district court properly considered this issue as one of discretion, acted

within the outer bounds of its discretion consistent with the legal standards available, and reached its decision by an exercise of reason. *See Lunneborg*, 163 Idaho at 863, 421 P.3d at 194.

**B.      The district court did not abuse its discretion in denying an award of sanctions and attorney fees for the claims of misrepresentation, fraud, and breach.**

Radnovich contends the fact of the district court's *dismissal* of Gilbert's misrepresentation, fraud in the inducement, breach of fiduciary duty-business dealing, and breach of fiduciary duty-bailment claims, conclusively supports a finding that Mitchell failed to make an "inquiry reasonable under the circumstances" before signing the two complaints. Radnovich argues that the district court abused its discretion in denying Rule 11 sanctions and attorney fees under section 12-123 because "[t]he court in applying the standard for motions to dismiss that all of Mitchell's allegations in the Complaints were true, held there was no existing law or factual evidence to support the four claims." While the lack of adequate legal or factual support will lead to dismissal under rules 12 or 56, that does not automatically trigger Rule 11 or section 12-123 sanctions. *See Sun Valley Shopping Ctr.*, 119 Idaho at 94, 803 P.2d at 1000. Thus, the focus of Radnovich's argument is misplaced.

This Court has previously examined and defined the proper focus for trial courts in making these determinations in *Hanf v. Syringa Realty, Inc.*, 120 Idaho 364, 369, 816 P.2d 320, 325 (1991). There, we emphasized that in determining whether there is a basis for an award of sanctions under Rule 11, the question is whether the attorney against whom the sanctions are sought made a proper investigation upon reasonable inquiry; the merit or lack thereof, of the party's positions is not part of this analysis:

> In *Sun Valley*, we reversed the trial court's imposition of Rule 11 sanctions because the court had not focused on the requirement that the parties make "a proper investigation upon reasonable inquiry," but rather, imposed sanctions because the plaintiffs' claims were not well grounded in fact.
>
> In this case, the trial court made the same inadequate Rule 11 analysis as in the *Sun Valley* case….
>
> . . .
>
> The trial court must determine whether the litigant "*made a proper investigation upon reasonable inquiry*." Without such a determination, an award of Rule 11 sanctions cannot be sustained.

*Hanf*, 120 Idaho at 369, 816 P.2d at 325 (emphasis added).

Below, Radnovich submitted two motions to dismiss. While the memorandum in support of the initial motion is not in the record, from the district court's order we understand the motion

was grounded on principles of subject matter jurisdiction because the complaints were vague and the plaintiffs' lacked standing. The initial motion was not based on a failure to support the complaint with existing fact or law. The district court's order explained: "Defendants argue that the First Amended Complaint is so vague and unclear that Plaintiffs lack standing. In their papers and again at oral argument, Defendants did not seek to dismiss under any other rule other than pursuant to Idaho Rule of Civil Procedure 12(b)(1) and 12(h)(3)."

Radnovich's second motion to dismiss sought to dismiss count three (alter ego), count four (misrepresentation), count five (fraud in the inducement), count six (fiduciary duty), count seven (bailment), and count eight (unjust enrichment). The motion also sought to dismiss "Plaintiff Gilbert under Counts One, Two, Four, Five, and Seven," and to dismiss "all claims against Defendant Radnovich individually[.]" The district court granted the motion only in part, dismissing the misrepresentation, fraud in the inducement, breach of the fiduciary duty, and bailment counts. The district court denied the request to dismiss all claims against Radnovich personally, but granted the request to dismiss counts four through seven. The court also denied Radnovich's request to dismiss Gilbert as a plaintiff from counts one, two, four, five, and seven,

*1. Misrepresentation and fraud*

On appeal, Radnovich delves into the decision to dismiss Gilbert's misrepresentation and fraud claims, explaining the standards require a party to plead both causes of action with particularity. Radnovich claims that because Mitchell failed to plead fraud and misrepresentation consistent with the standards under Idaho Rule of Civil Procedure 9, this rises to a failure to make a reasonable inquiry under Rule 11. The district court agreed that Gilbert's complaint failed under Rule 9, but explained that just because a claim fails under Idaho Rule of Civil Procedure 9 or 12 does not warrant sanctions:

> Mr. Mitchell filed the Complaint, and later the First Amended Complaint, based on the facts presented to him by his client Mr. Gilbert. Mr. Mitchell had avenues to include exceptions to certain elements of his claims under existing law to support his arguments. Mr. Mitchell's later unwillingness, or inability, to articulate the elements of those claims and to support his legal arguments does not warrant sanctions.

Radnovich's effort to equate a dismissal for failure to state a claim with a failure to conduct a reasonable inquiry under Rule 11 misses the mark. These are different rules, with different standards. The district court's decision to grant Radnovich's motion to dismiss for failure to plead with particularity is not equivalent to Mitchell failing to conduct a reasonable inquiry. *Compare*

9

I.R.C.P. 11(b) (by presenting a pleading to the court, an attorney certifies that, to the best of their knowledge, formed after an inquiry reasonable under the circumstances, the pleading is not presented for an improper purpose) *with* I.R.C.P. 9 (when pleading fraud or mistake, the party must state with particularity the circumstances constituting fraud or mistake). The district court acted consistent with the legal standards available and reached its decision by an exercise of reason while evaluating the facts of the case. Accordingly, we conclude the district court did not abuse its discretion.

        2. *Breach of fiduciary duty–business dealings and bailments*

Radnovich also challenges the district court's decision not to award sanctions or attorney fees when the district court dismissed the breach of fiduciary duty claims, explaining "the allegations specifically made to support Plaintiff's claim of fiduciary duty, does [sic] not show that Plaintiffs have alleged facts to support any basis for the relationship of a fiduciary duty." The district court determined that Gilbert had "not cited facts sufficient to establish a bailment, [and] not pled facts that liability arising [sic] from the bailment, or provided any legal basis that in Idaho there is a fiduciary duty under a bailment theory that might be breached."

Radnovich argues Mitchell "could have and should have reasonably conducted prefiling legal research to determine whether there were fiduciary duties for business dealings or for a bailment between the parties under these circumstances." Radnovich also argues that the district court's dismissal of these claims shows there was no evidentiary support, and the claims were not warranted under Idaho law or supported by a good faith or nonfrivolous argument for an extension, modification, or reversal of Idaho law. Even so, the district court made no finding that the fiduciary duty claims were asserted in bad faith or were frivolous, though the court found there was no Idaho law to support the bailment theory.

The district court's conclusion that Mitchell's bailment theory was not supported by Idaho law is not enough—standing alone—to invoke Rule 11 sanctions or section 12-123 fees. The frivolous filings clause applies when an argument is not "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law[.]" I.R.C.P. 11(b)(2). Idaho Code section 12-123 similarly requires asserting a claim "not supported in fact or warranted under existing law [that] cannot be supported by a good faith argument for an extension, modification, or reversal of existing law." I.C. § 12-123(1)(a)–(b)(ii). Because this claim was dismissed before litigation developed, we cannot conclude whether

Mitchell could have asserted a good faith argument to extend Idaho law to recognize that a fiduciary relationship exists between the bailor and bailee in a bailment.

In the district court's order denying sanctions and attorney fees and costs, the court addressed its decision to deny sanctions as to the fraud, misrepresentation, and fiduciary duty claims together, explaining:

> A failed legal argument does not warrant frivolity. While this [c]ourt ultimately dismissed the Misrepresentation, Fraud, Fiduciary Duty, and Bailment claims, the argument of the claims was made in reliance on existing law and supported by the information and documents Mr. Gilbert provided to Mr. Mitchell. Mr. Mitchell was not Mr. Gilbert's counsel at the time of Defendants' subsequent motion to dismiss and did not construct Mr. Gilbert's ultimately unsuccessful response to it.

As discussed above, "[t]he role of this Court in determining if the [ ] court reached its decision by an exercise of reason is to review the process the district court engaged in to make its decision." *Lunneborg*, 163 Idaho at 871, 421 P.3d at 202. Radnovich has failed to show the district court did not reach its decision by an exercise of reason or apply the applicable legal standards. For these reasons, we hold that the district court did not abuse its discretion in denying Radnovich's motion for sanctions and attorney fees as to the misrepresentation, fraud, or breach of fiduciary duty claims.

**C.     The district court did not abuse its discretion in denying sanctions and attorney fees on whether Mitchell failed to conduct a reasonable inquiry regarding the standing of Resilient Transport, LLC.**

Radnovich next argues that Mitchell failed to conduct a reasonable inquiry under Rule 11 to determine whether Gilbert had standing under the agreement to assert the claims of Resilient Transport, LLC. Radnovich also argues Mitchell failed to conduct a reasonable inquiry under Rule 11 to confirm with the Secretary of State's office whether Resilient Transport, LLC, was an active corporate entity before naming it in the amended complaint. The district court denied sanctions and attorney fees as to this claim because it concluded Resilient Transport, LLC, was an active entity on "August 21, 2017, prior to the commencement of the lawsuit and continued to remain active until [its] dissolution on January 10, 2019, after Mr. Mitchell had withdrawn from the litigation."

Radnovich claims that Mitchell had a continuing duty to check the administrative status of the entity, and "had no legal standing because the Annual Report was due by the end of August, 2018." The district court addressed this argument below, explaining: "Mitchell did not have a

11

responsibility to continue to check the administrative status of Plaintiffs he no longer represented." Radnovich, relying on authority from the Sixth Circuit, argues "the plaintiff is impressed with a continuing responsibility to review and reevaluate his pleadings and where appropriate modify them to conform to Rule 11." *Merritt v. Int'l Ass'n of Machinists & Aerospace Workers*, 613 F.3d 609, 626 (6th Cir. 2010) (quoting *Herron v. Jupiter Transp. Co.*, 858 F.2d 332, 335 (6th Cir.1988)) While "[w]e prefer to interpret the Idaho Rules of Civil Procedure in conformance with interpretations of the same language in the federal rules[,]" neither the case Radnovich points to nor the federal rules impose a continuing duty on an attorney to check the status of an entity after the attorney has withdrawn from the case. *Nelsen v. Nelsen*, 170 Idaho 102, 508 P.3d 301, 314 (2022) (quotation omitted). This Court has never imposed such a duty on an attorney after terminating representation, nor will we do so now.

Our task is to determine "whether the [district] court met the third prong of its discretion and acted consistently with Idaho's legal standards" to evaluate an attorney's obligation under Rule 11. *Lunneborg*, 163 Idaho at 868, 421 P.3d at 199. While some jurisdictions impose on an attorney a continuing obligation under Rule 11 to review and reevaluate the case, Rule 11 in Idaho is based on a prefiling inquiry. *Compare Durrant v. Christensen*, 117 Idaho 70, 74, 785 P.2d 634, 638 (1990) (Rule 11 imposes "a duty to make a reasonable inquiry *prior to* filing an action") (emphasis added) *with Thomas v. Capital Sec. Services, Inc.*, 812 F.2d 984, 988 (5th Cir. 1987) ("Rule 11 sanctions may also be required if an attorney fails to meet his *continuing obligation* to review and reevaluate [his] position as the case develops.") (emphasis added). The question of whether this standard may apply in a future case when an attorney *continues* to represent clients throughout litigation is not before us. Thus, addressing this appeal, we hold that the district court did not abuse its discretion by concluding that Mitchell had no continuing duty after he withdrew from the case.

**D.**     **The district court did not abuse its discretion in denying sanctions and attorney fees against Mitchell for failing to conduct a reasonable inquiry before certifying a fictitious business claim.**

The fictitious business claim arises from Mitchell's decision to include a fictitious business—Injury Care Emergency Services, LLC,—as a party to the complaints despite allegedly being on notice from Radnovich's counsel that the entity was called "Injury Care EMS, P.C." Mitchell contends that even if Injury Care EMS, P.C. was the "correct" party, it would not eliminate a claim against its alter ego—whether an LLC or Radnovich personally—if shown the

entities did not follow corporate formalities. Radnovich argues it was reasonable to expect Mitchell would contact Gilbert to find out whether to use "LLC" instead of "P.C." and Michell's failure to do so forced Radnovich to seek summary judgment. Radnovich contends the district court failed to apply Rule 11's "upon reasonable inquiry" requirement and did not consider whether Mitchell's inquiry was reasonable after being informed the entity in the complaint was fictitious.

The district court denied Radnovich's request for sanctions and attorney fees for the fictitious business claim, explaining:

> Mr. Mitchell['s] assertion that Injury Care Emergency Medical Services, LLC has never existed as an entity in Idaho is not only correct but undisputed. Mr. Mitchell *conducted an investigation* and correctly was unable to locate this non-existing entity, Injury Care Emergency Medical Services, LLC. Mr. Mitchell was not required to rely on the arguments by opposing counsel that the name of the entity was a clerical error as opposed to the text of the Purchase Agreement provided to Mr. Mitchell by his client. Mr. Mitchell was not the counsel for Plaintiff's [sic] in March 2018 and so he possessed no knowledge of the supplemental agreement. Mr. Mitchell's skepticism of the fictitious nature of the entity is permissible. Mr. Mitchell *conducted reasonable investigation* under the circumstances to confirm the entity existed prior to filing the complaints or communicating with [counsel for Radnovich]. Mr. Mitchell was not the attorney of record at the time the entity name was clarified by subsequent agreement. The imposition of sanctions under Rule 11 is unwarranted.

(Internal citations omitted) (Emphasis added).

On appeal, Radnovich relies on this Court's holding in *Sun Valley*, in which we held a trial court abused its discretion when it denied sanctions because the attorney erroneously, though "reasonably believe[d] a cause of action existed against Idaho Power." *Sun Valley Shopping Ctr., Inc. v. Idaho Power Co.*, 119 Idaho 87, 92, 803 P.2d 993, 998 (1991). This Court explained, "[i]n focusing on the 'reasonable chance of success' and on a 'sufficient factual foundation to sign and reasonably believe a cause of action existed,' the trial court failed to give the appropriate focus in considering sanctions pursuant to I.R.C.P. 11(a)(1)." *Id.* at 95, 803 P.2d at 1001. Instead, the appropriate focus for a trial court under Rule 11(b) is whether the attorney "'made a proper investigation upon reasonable inquiry.'" *Id.* (citing *Durran*, 117 Idaho at 74, 785 P.2d at 638). "To the extent the trial court did not give appropriate focus to its inquiry, it did not act consistently with the legal standards applicable to the choice it had to make." *Id.*

Radnovich argues that the district court did not apply the appropriate standard adopted by this Court in *Sun Valley* when it considered whether Mitchell's inquiry was reasonable before

certifying the fictitious business claim. But Radnovich overlooks the portion of the district court's decision (factual findings) that addressed this standard: "Mr. Mitchell conducted [a] reasonable investigation under the circumstances to confirm the entity existed prior to filing the complaints or communicating with [opposing counsel]." And while the district court used the term "reasonable investigation" instead of "reasonable inquiry," the term "inquiry" can be synonymous with "investigation," and the result is the same.[3] *See Riggins v. Smith*, 126 Idaho 1017, 1021, 895 P.2d 1210, 1214 (1995) (quoting *Hanf v. Syringa Realty, Inc.*, 120 Idaho 364, 369, 816 P.2d 320, 325 (1991) ("Under the 'reasonableness under the circumstances' standard, the appropriate focus of the trial court should be whether the attorney conducted a 'proper *investigation* upon reasonable inquiry' into the facts and legal theories of the case." (Emphasis added)). Radnovich makes no argument and points to no legal authority to explain: (1) why the district court's factual findings were not supported by the record; (2) why its decision denying sanctions conflicted with the applicable legal standards; or (3) why its decision was not an appropriate exercise of reason. *Lunneborg*, 163 Idaho at 867, 421 P.3d at 198. Radnovich likewise makes no argument to suggest that a "reasonable investigation" is a lesser standard or that the district court misapplied it. He merely maintains the district court did not apply the proper standard, even though the court made two factual findings that Mitchell conducted a "reasonable investigation." For these reasons, we conclude that Radnovich has failed to show that the district court abused its discretion.

**E.      The district court did not abuse its discretion in denying sanctions and attorney fees against Mitchell for failing to conduct a reasonable inquiry before certifying Radnovich as a proper party and alter ego.**

Radnovich argues the district court abused its discretion by denying Rule 11 sanctions because Mitchell's claims against Radnovich and the alter ego claims were not warranted by Idaho law, had no evidentiary support, and were alleged for improper purposes to cause delays and increase the cost of litigation.

We again note that these are in large part factual determinations left to the district court. Beyond that, when the district court denied Radnovich's first motion to dismiss the alter ego claim, it explained that it was Radnovich who lacked legal support for his claims:

> Defendants argue that Plaintiffs' alter ego claim fail to "meet the pleading and particularity requirements of" Idaho Rules of Civil Procedure 8(a)(2) and

---

[3] *Inquiry*, MERRIAM-WEBSTER DICTIONARY, 2022, https://www.merriam-webster.com/thesaurus/inquiry, (last viewed Nov. 16, 2022 at 8:54 a.m.) (listing investigation as one of the synonyms of inquiry).

14

9(b)….While Defendants argue that Plaintiffs' alter ego claims contained in the Complaint's paragraphs 22, 23, and 24 do not meet the pleading standards required by Rule 8(a)(2), Defendants do not cite case law showing such an application of Rule 8(a)(2) supporting dismissal with such allegations. . . . This is an issue to be resolved by discovery.

When Radnovich later moved for summary judgment, the district court found for Radnovich and dismissed the alter ego claim, explaining:

The statements made by Mr. Gilbert, even if admissible, do not demonstrate a unity of interest and ownership to a degree that the personalities of ICEMS PC and Dr. Radnovich are no longer separate. There is not sufficient evidence to survive summary judgment. Plaintiffs have not justified what circumstances present in this litigation give rise to the appointment of a special master by this [c]ourt.

Count III…is dismissed *without prejudice*.

(Emphasis added.) Following Radnovich's motion for summary judgment against Mitchell, the district court resolved the alter ego and fictitious business claims together (discussed above) but concluded neither warranted sanctions because Mitchell conducted a reasonable investigation under the circumstances to confirm the entity existed.

Radnovich maintains the district court abused its discretion because Mitchell did not identify the business entities, activities, revenue, or expenses, or allege specific corporate formalities that were not followed. Radnovich makes conclusory statements alleging that Mitchell "had no proof when he signed and filed the two Complaints," and "had no evidence supporting any financial improprieties." These allegations are unsupported by the record, and do not reflect the district court's rationale for dismissing the count.

To prevail on an alter ego claim, a party must show "(1) a unity of interest and ownership to a degree that the separate personalities of the corporation and individual no longer exist and (2) if the acts are treated as acts of the corporation an inequitable result would follow. *Vanderford Co., Inc. v. Knudson*, 144 Idaho 547, 556–57, 165 P.3d 261, 270–71 (2007) (citing *Surety Life Ins. Co. v. Rose Chapel Mortuary*, 95 Idaho 599, 601, 514 P.2d 594, 596 (1973)). The district court concluded that Gilbert did not put forth "sufficient evidence to survive summary judgment." But on appeal, Radnovich again equates the district court's granting of summary judgment with Mitchell failing to conduct a reasonable inquiry into the alter ego claim and pleading it without evidentiary support for an improper purpose. However, this was not the factual conclusion drawn by the district court. Indeed, Gilbert "requested the appointment of a 'special master' to 'examine the financial accounting of the businesses owned by Defendant Radnovich in order to provide

15

affirmative proof that Defendant business entities are the alter ego of Defendant Richard Radnovich.'" While this request was denied, the district court so ordered because it concluded Gilbert did not "justif[y] what circumstances present in the litigation give rise to the appointment of a special master by this [c]ourt."

As with the other issues Radnovich has raised on appeal, Radnovich asks this Court to reexamine the merits of his motion for sanctions and attorney fees and the district court's factual conclusions rather than to examine the district court's actions for an abuse of discretion. That said, we have already explained that reviewing the factual conclusions of the district court is not the lens through which we view this case. Consistent with the legal standards identified in the preceding sections, the question for us is whether the district court applied the proper legal standards and reached its decision through an exercise of reason. *Lunneborg*, 163 Idaho at 863, 421 P.3d at 194. The district court here analyzed the standard to apply sanctions under Rule 11(b) and attorney fees under Idaho Code section 12-123(1) and applied these standards to the specific conduct alleged by Mitchell in pleading the alter ego theory. As a result, we hold that the district court's factual findings are supported by the record. Applying those facts to the appropriate standards, and by an exercise of reason, the district court reached its decision. We cannot say it abused its discretion in doing so.

**F.     The district court did not abuse its discretion in denying sanctions and attorney fees against Mitchell for failing to conduct a reasonable inquiry before certifying Gilbert was the "personal guarantor" of Resilient Transport, LLC.**

This issue stems from Mitchell's allegation below that Radnovich and ICEMS failed to release Gilbert as a personal guarantor on Resilient Transport, LLC, loans and debt. Radnovich argues Mitchell had a duty under Rule 11 to make a reasonable inquiry into the truth and validity of the factual allegations to certify to the best of his knowledge, information, and belief there was evidentiary support that Gilbert was the personal guarantor on the Resilient Transport, LLC, loans.

Mitchell filed a declaration stating that Gilbert represented to Mitchell that Gilbert was a personal guarantor for the loans. Gilbert also verified the complaint asserting those allegations. Radnovich claims Mitchell's declaration was a "self-serving [d]eclaration asserting unsubstantiated hearsay statements that lacked foundation[.]" But despite that characterization, the district court again made a factual determination that Mitchell relied on Gilbert's statements in drafting the pleadings as Mitchell did. Again, that conclusion is supported by the record. The district court then held that an attorney may rely on the representations of his client. We agree.

16

This issue invokes Paragraph 7 of the Purchase Agreement between Gilbert and Radnovich, which reads: "All vans and company debt will be transferred out of RG's [Gilbert's] name and no longer be RG's fiscal responsibility with the release of being personal guarantor on any and all business loans or debts." Despite this agreement between Radnovich and Gilbert, Mitchell swore in a declaration:

> Roy Gilbert represented to me that he was a personal guarantor for fleet loans and leases and Defendants' non-payment of those debts was [a]ffecting his personal credit. This is consistent with my knowledge and experience that secured transactions are rarely undertaken with closely-held business entities like Resilient Transport, where liability protection is built into the business structure itself, unless accompanied by a personal guarantee by a creditworthy individual person, in case of default by the business entity.

Because of this declaration and additional developments below, the district court explained in its motion denying sanctions:

> Mr. Mitchell was provided with the copy of the Purchase Agreement which on its face shows the parties stating and promising Mr. Gilbert was to be released as a guarantor. Both sides to the transaction, which included Plaintiffs and Defendants, were wrong. Mr. Mitchell's reliance on an unmet promise in a binding and enforceable agreement is not a basis that Mr. Mitchell has not conducted an inquiry reasonable under the circumstances. Later discovery would confirm that neither side had evidence of a separate guaranty agreement, not just Mr. Gilbert.

Radnovich asserts that Mitchell's factual allegation that Gilbert was the personal guarantor misled the district court and resulted in unnecessary delays and increased the cost of litigation. He also maintains "the only reason the court did not dismiss Gilbert was because Mitchell alleged Gilbert was the 'personal guarantor' under the Agreement." Radnovich's allegation that Mitchell intentionally misled the court is a serious allegation. It is also unsupported with a citation to evidence in the record. Rule 11 requires the attorney to certify that, to the best of the person's knowledge, information, and belief, formed after reasonable inquiry under the circumstances, the factual allegations have evidentiary support, and the legal claims are warranted under existing law. I.R.C.P. 11(b). Radnovich points to nothing on appeal to suggest the district court abused its discretion in concluding Mitchell's "claim was warranted under the existing law."

Radnovich argues throughout his briefing that "Rule 11(b)…require[s] attorneys to do more than accept the alleged assertions from their clients about the legal significance of loan documents and contracts." While this is partially accurate, this Court has never held that an attorney is subject to sanctions for relying on information from a client.

17

The determination of whether the attorney made a reasonable inquiry before filing the document may depend on such *factors* as how much time for investigation was available to the signer; *whether he had to rely on a client for information* as to the facts underlying the pleading, motion, or other paper; whether the pleading, motion, or other paper was based on a plausible view of the law; or whether he depended on forwarding counsel or another member of the bar.

*Flying A Ranch, Inc. v. Bd. of Cnty. Comm'rs for Fremont Cnty.*, 156 Idaho 449, 454, 328 P.3d 429, 434 (2014) (quoting *Sun Valley Shopping Center, Inc,* 119 Idaho at 95, 803 P.2d at 1001 (emphasis added)). Consequently, though this Court may consider whether an attorney relied on a client for information when weighing whether an attorney made a reasonable inquiry before filing a document, doing so is but one factor in that analysis. As Mitchell explained in his declaration, his certification that Gilbert was a personal guarantor of Resilient Transport, LLC, was based not only on Gilbert's statement but on Mitchell's independent knowledge and experience that secured transactions typically require a personal guarantee from someone. It also stemmed from language within the parties' Purchase Agreement itself. This is a plausible view of the law and a reasonable position to take, as the district court found.

In *Riggins v. Smith*, a case relied on by Radnovich, this Court affirmed the district court's decision to award sanctions against an attorney for failure to perform a proper investigation or conduct a reasonable inquiry into the facts before filing the complaint. 126 Idaho 1017, 1022, 895 P.2d 1210, 1215 (1995). This Court determined the attorney failed to perform even a "cursory investigation" into incidents the attorney "knew occurred and instead relied" on his client's statements. *Id.* at 1021, 895 P.2d at 1214. *Riggins* is distinguishable from the facts here. Nothing in the record suggests Mitchell knew Gilbert was not a personal guarantor for Resilient Transport despite Gilbert's (and the Purchase Agreement's) statements to the contrary. Radnovich merely reiterates his claim on appeal that the district court rejected below, arguing that "Mitchell's frivolous 'personal guarantor' allegations of Resilient Transport LLC" should have resulted in an award of attorney fees and sanctions. Without more, and consistent with the *Lunneborg* standard, we cannot conclude that the district court abused its discretion.

**G.** **The district court did not abuse its discretion in denying sanctions and attorney fees against Mitchell for failing to conduct a reasonable inquiry before certifying Gilbert was constructively discharged.**

Radnovich next argues that if Mitchell had conducted a reasonable inquiry, he would have known or should have known that Gilbert was not constructively discharged from ICEMS because

Gilbert had already accepted new employment. Radnovich alleges that Mitchell used the allegations of constructive discharge for the improper purpose of "covering up and protecting Gilbert from a breach of the Agreement's covenant not to compete." Radnovich maintains the district court abused its discretion by crediting Mitchell's recitation of "unalleged conclusory allegations which were contradicted by Gilbert's sworn testimony that the constructive discharge claim was only based on Dr. Radnovich's email." Once again, while making factual conclusions and weighing all circumstances in the balance, the district court discounted Radnovich's claim that Gilbert accepting other employment had any relation to whether Radnovich could also constructively discharge him:

> Constructive discharge remains possible when an employee seeks another employment. Mr. Mitchell's claims of constructive discharge were warranted by existing law based on his client['s] assertions and are supported in part[] by Mr. Gilbert seeking other employment. Mr. Mitchell conducted an inquiry reasonable under the circumstances. Sanctions under Rule 11 are inappropriate.

As we have now noted repeatedly, it is within the district court's discretion to weigh credibility and make inferences when deciding whether to award sanctions. The district court also denied attorney fees under section 12-123 based on the facts of the case as they existed through motion practice and Mitchell's approximate 138 days representing Gilbert, not through discovery and a trial, explaining:

> Mr. Mitchell's [c]onstructive [d]ischarge claim were based on the factual representations of his client. Mr. Gilbert alleged lack of compensation for his employment and intolerable conditions, which drew him to seek alternative employment. Whether Mr. Gilbert was sincere or accurate in his description of his work was a matter to be resolved by discovery and litigation. Statutory sanctions are inappropriate.

Both below and on appeal, Radnovich maintains that Gilbert was not constructively discharged because he began seeking employment two weeks earlier and was hired by Victory Transport. Thus, Radnovich argues that the constructive discharge claim was a pretext to protect Gilbert from liability. Again, these are factually driven claims. Both parties acknowledge Radnovich e-mailed Mitchell on August 19, 2018, writing, "it would be best if Roy took a day off Monday [August 20]." Gilbert submitted his resignation the next day. Later, during Gilbert's deposition, Radnovich asked, "[s]o when you have an email saying not to come in the next day, you think that was a formal constructive discharge?" Gilbert responded, "[t]hat's correct."

Radnovich also points to text messages Gilbert sent to another employee at ICEMS and a statement from an ICEMS employee as evidence the constructive discharge claim was a pretext.

As part of Mitchell's response to Radnovich's motion for attorney fees and sanctions, he provided a sworn statement that explained:

> Mr. Gilbert continued to contribute services of value to Dr. Radnovich and his company until August 2018, even though Mr. Gilbert was not fully compensated for those services or compensation for the business value of the acquired entity. The financial distress caused by these breaches and unpaid work time amounted to conditions so intolerable that Mr. Gilbert felt compelled to leave Dr. Radnovich and his company. It was apparent that Dr. Radnovich intended to acquire Mr. Gilbert's company and abuse him until he quit; per the terms of the Agreement, if Mr. Gilbert resigned, there was a two year noncompete.
>
> Convinced that Mr. Gilbert was constructively discharged, I advised him to tender a resignation letter in order to decisively dissolve association with Dr. Radnovich and his company, and pursue employment elsewhere.

"Under the constructive discharge doctrine, an employee's reasonable decision to resign because of unendurable working conditions is assimilated to a formal discharge for remedial purposes." *Waterman v. Nationwide Mut. Ins. Co.*, 146 Idaho 667, 672, 201 P.3d 640, 645 (2009). Indeed, the district court recognized that constructive discharge remains possible despite the employee accepting employment elsewhere.

The only argument Radnovich raises over whether the district court abused its discretion in denying sanctions or attorney fees for the constructive discharge claim is that the district court "credit[ed] Mitchell's recitation of unalleged conclusory allegations which were contradicted by Gilbert's sworn testimony[.]" Radnovich's argument does not ask this Court to examine the district court's discretion, but instead asks us to determine that Mitchell's sworn statement is entitled to less weight than Gilbert's deposition testimony because the statements are in conflict. This is quintessential second-guessing of the trial court's factual determinations, which we will not do. The weight assigned to conflicting testimony is within the sound discretion of the trial court. *See Nelsen v. Nelsen*, 170 Idaho 102, 508 P.3d 301, 317 (2022) (citing *Lunneborg v. My Fun Life*, 163 Idaho 856, 866, 421 P.3d 187, 197 (2018) (explaining that the factfinder has discretion to assign weight to conflicting evidence)).

"Failing to demonstrate that an abuse of discretion occurred under any part of the test . . . is fatal to [an] argument that the [trial] court abused its discretion." *Smith v. Smith*, 167 Idaho 568, 584, 473 P.3d 837, 853 (2020) (quoting *Valiant Idaho, LLC v. VP Inc.*, 164 Idaho 314, 332, 429

20

P.3d 855, 873 (2018)). As a result, under *Lunneborg*, Radnovich has failed to show the district court abused its discretion in denying sanctions and attorney fees for the constructive discharge claim. Thus, we affirm the district court's decision.

**H.     The district court did not abuse its discretion in denying sanctions and attorney fees against Mitchell for requesting a criminal investigation and prosecution in connection with a civil action.**

Finally, Radnovich argues Mitchell tried to harass and maliciously injure Radnovich by emailing the Ada County prosecutor a "request to meet in order to introduce [a] potential criminal matter" and requested an investigation and prosecution of Radnovich. Radnovich claims the district court applied a narrow definition of "frivolous conduct" in denying the motion for sanctions and attorney fees contrary to the literal language of the statute.

In regard to Mitchell's actions, the district court determined they did not give rise to sanctions stating:

> Mr. Mitchell's conduct with the prosecutor's office, whatever else it might be, did not result in Mr. Mitchell signing and filing an improper document in the present litigation, a necessary element for sanctions under Rule 11. Mr. Mitchell's conduct here was not part of the present litigation but rather the pursuit of a separate criminal litigation. Sanctions cannot be imposed under Rule 11.

The district court also denied Radnovich's request for attorney fees, concluding that fees were unwarranted on this claim:

> Mr. Mitchell's conduct here was not part of the present litigation and did not result in any additional fees to Defendants in the present litigation. No criminal charges were filed against Dr. Radnovich as the result of Mr. Mitchell's conduct. Mr. Mitchell's report to the prosecutor's office did not unreasonably prolong the present litigation, nor did it increase the cost of the litigation. Statutory sanctions are unwarranted.

The district court's rationale is sound. The request for sanctions and attorney fees against Mitchell for pursuing a criminal investigation arose from a parallel criminal investigation that Mitchell tried to initiate with the Ada County Prosecutor's Office *before* commencing this case on Gilbert's behalf. On August 10, 2018, Mitchell emailed Ada County Prosecutor, Jan Bennetts to inform her:

> [A]n issue has come up with a [c]lient of mine.
>
> The issue is fundamentally a contract dispute. But on further review, it appears that there is a high likelihood of fraud or embezzlement, which has resulted / will result in money loss of about 500k, including a peculiar method of control over several motor vehicles that were part of a business purchase & sale agreement.

21

My [c]lient is interested in seeing the matter pursued as a criminal prosecution through the consolidated theft statute at I.C. 18-2403 since the investigative burden is potentially enormous, since time is of the essence, and since the other party has shown the means to depart the United States.

No further information in the record suggests how or whether the Ada County Prosecutor's office pursued an investigation against Radnovich. That said, Radnovich claims Mitchell also emailed and met with Boise Police officers. Even if true, nothing in the record suggests that such actions increased costs here or were meant to harass Radnovich as part of this civil litigation.

Radnovich relies on a 2004 Court of Appeals case that interpreted "frivolous conduct" under Idaho Code section 12-123 as disjunctive, requiring "either" harassment or malicious injury or a lack of legal basis. *Ackerman v. Bonneville Cnty.*, 140 Idaho 307, 315, 92 P.3d 557, 565 (Ct. App. 2004). Radnovich argues that Mitchell's email to the prosecutor and meeting with Boise Police related to Gilbert's civil claim against Radnovich, and his conduct met both the definitions of "frivolous conduct" under Idaho Code section 12-123(1)(b).

Under Idaho Code section 12-123(1)(a)-(b),

"Conduct" means filing a civil action, asserting a claim, defense, or other position in connection with a civil action, or taking any other action in connection with a civil action.

"Frivolous conduct" means conduct by a party to a civil action or of his counsel of record that satisfies either of the following:

(i) It obviously serves merely to harass or maliciously injure another party to the civil action;

 (ii) It is not supported in fact or warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law.

I.C. § 12-123(1)(a)-(b)(i)(ii).

Mitchell's contact with the Ada County prosecutor and Boise police falls outside the definition of "conduct" under this statute. Radnovich identifies no civil action, claim, defense, or other position in connection with a civil action that did or could have resulted from Mitchell's interaction with law enforcement. Despite Radnovich's conclusory statement that "Mitchell's frivolous conduct resulted in additional fees and prolonged and increased the cost of litigation[,]" Radnovich makes no argument and points to nothing in the record to suggest that this occurred or to show that the district court abused its discretion in denying sanctions. And beyond failing to establish that Mitchell's behavior rises to the level of "conduct" under the code, Radnovich also

22

puts forth no argument to suggest that contacting the prosecutor or police amounts to "frivolous conduct" in the civil action, apart from suggesting the district court applied too narrow a definition of that term.

Again "[t]he role of this Court in determining if the [ ] court reached its decision by an exercise of reason is to review the process the district court engaged in to make its decision." *Lunneborg*, 163 Idaho at 871, 421 P.3d at 202 (2018). The district court here analyzed the arguments from both parties under the applicable legal standards and reached its decision through an exercise of reason. For these reasons, we hold that the district court did not abuse its discretion.

## I. We decline to award attorney fees on appeal.

Radnovich requests attorney fees and costs on appeal under Idaho Code section 12-121 and I.A.R. 40(a) and 40(1). Radnovich did not prevail in this appeal; thus, he is not entitled to an attorney fee award. Mitchell separately requests attorney fees under Idaho Code sections 12-121 and 12-123. We have ruled that section 12-123 does not apply on appeal. *Horton v. Horton*, 171 Idaho 60, 518 P.3d 359, 377 (2022). Idaho Code section 12-121 provides, "[i]n any civil action, the judge may award reasonable attorney's fees to the prevailing party or parties when the judge finds that the case was brought, pursued or defended frivolously, unreasonably or without foundation." Though we have held that Mitchell prevailed on appeal, we decline to award attorney fees under Idaho Code section 12-121. We cannot conclude that Radnovich pursued this appeal frivolously, unreasonably, or without foundation. However, costs are awarded to Mitchell as the prevailing party on appeal.

## V. CONCLUSION

The district court's judgment is affirmed.

Justices BRODY, STEGNER, MOELLER, and ZAHN CONCUR.